## JONES *vs.* WARREN & HOBBS.

1. Where the declaration in a suit against the drawer of a bill of exchange, failed to allege presentation, refusal to pay, dishonor and

notice, there was no error in allowing an amendment setting forth these facts.

2. An assignment of error, that the court refused to allow counsel to argue "certain legal propositions" to the jury, is too general.

3. Although there were some errors in the charge, the verdict being required by the evidence, the judgment is affirmed.

Practice in the Superior Court.   Practice in the Supreme Court.  New trial.   Before Judge WRIGHT.   Dougherty Superior Court.   October Term, 1877.

The following, taken in connection with the decision, sufficently reports this case :

Defendant moved for a new trial on the following among other grounds :

1. Because the verdict was contrary to law and evidence.

2. Because the court erred in ruling as follows : At the opening of the case, defendant moved to dismiss the declaration, because it did not contain any allegation of presentation, non-payment, dishonor and notice.  Plaintiffs amended the declaration in this particular, and the court overruled the motion.

3. Because, during the progress of the trial, whilst one of defendant's counsel was stating some legal proposition to the jury and applying the same to the facts, the court interrupted him, stating that he would not allow counsel to argue law to the jury.

The motion was overruled, and defendant excepted.

C. B. WOOTEN ; W. T. JONES ; D. A. VASON, for plaintiff in error.

D. H. POPE, for defendants.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendant as the drawer of a bill of exchange, signed by him, and dated at Albany, Georgia, 19th December, 1874, for the sum of $6,010.26, on W. W. Carter & Sons, Savannah, payable to

the order of plaintiffs one day after sight, which was duly accepted by the drawees thereof, and protested for non-payment. The defendant pleaded, amongst other things, that, in drawing said bill, he acted merely as the agent of Carter & Sons, which fact was well known to the plaintiffs at the time, and that he delivered to them the railroad receipts for the cotton which the money for which said bill was drawn, purchased, as collateral security, and that said receipts were attached to the bill, and plaintiffs sent the same to their agent at Savannah for collection, to-wit: the Southern Bank of the State of Georgia, which agent, without the consent of defendant, delivered said collateral to Carter & Sons without and before collecting said bill or draft. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiffs. The defendant made a motion for a new trial, on the grounds therein stated, which was overruled, and the defendant excepted.

1. There was no error in allowing the plaintiffs' declaration to be amended.

2. It does not affirmatively appear that the court erred in refusing to allow the defendant's counsel to argue " certain legal propositions" to the jury, inasmuch as it is not alleged in the record, or bill of exceptions, what those certain legal propositions were.

3. The bill does not, upon its face, appear to have been drawn by the defendant as the agent of anybody. Whether the plaintiffs had knowledge that it was drawn by the defendant as the agent of Carter & Sons, or not, the evidence was conflicting, and the jury have found by their verdict that they did not. The plain legal effect of the transaction, then, according to the usage and custom of the trade, was, that the defendant, Jones, drew the bill upon Carter & Sons, at Savannah, payable to the order of the plaintiffs; and, to induce the plaintiffs to discount it, the drawer attached thereto the bill of lading of the cotton shipped to the drawees, against which the bill was drawn, so as to enable the plaintiffs to control the cotton for the purpose intended by the

parties, and see that it reached the drawees in order to insure the acceptance of the bill by them. The plaintiffs transmitted the bill, with the bill of lading attached thereto, to their agent in Savannah, to be presented for acceptance, which was done, and the bill of lading was turned over to the acceptors, who then became primarily liable for the payment of the bill to the holders thereof. By discounting the bill, the plaintiffs became the legal owners thereof, with the legal right to collect the same from the drawer, on the non-payment of it by the acceptors. Although we think there were some errors in the charge of the court to the jury, still, under the facts of the case, and the law applicable thereto, the verdict was right, and could not well have been otherwise.

Let the judgment of the court below be affirmed.