### HALL COUNTY *v.* GILMER.

1. Where exceptions pendente lite are filed to the overruling of a demurrer, and are duly certified by the judge whose ruling is complained of, and are entered of record, no further certificate by the judge as to that ruling is required. If the exceptions pendente lite are properly brought to this court in the transcript of the record, error may be assigned thereon in this court, though no complaint be made in the main bill of exceptions of the ruling complained of in the exceptions pendente lite.
2. Therefore, where a defendant demurred to a petition, and the demurrer was heard and overruled by one judge, and exceptions pendente lite to his ruling were duly presented, certified, filed, and entered of record, and the case referred to an auditor, who found adversely to the defendant; and where, at a subsequent term of court, exceptions to the auditor's report were heard by another judge and overruled, a writ of error to this court, complaining both of the overruling of the demurrer and the overruling of the exceptions to the auditor's report, duly certified by the judge who heard the latter, will not be dismissed on the ground that it should have been certified by the judge who heard and overruled the demurrer.
3. While a judge can not properly certify to what did not take place before him, he may certify to matters of record in the case before him; and therefore a judge may certify that a bill of exceptions pendente lite was certified, filed, and appears of record in the case, though the ruling complained of by the exceptions pendente lite may have been made by another judge than himself.

4. A county is not liable to its sheriff for his costs, allowed by the Penal Code, § 1107, for conducting prisoners before a judge or court to and from jail ; but these costs must be collected by the sheriff from the prisoners after conviction.

Submitted April 14. — Decided June 13, 1905.

Exceptions to auditor's report.    Before Judge Kimsey.    Hall superior court.    January 21, 1905.

*Fletcher M. Johnson,* for plaintiff in error.
*Dean  &  Hobbs,* contra.

CANDLER, J.    1–3. This case comes from the superior court of Hall county.    It was an action of complaint brought against the county by Gilmer, for certain sums alleged to have been due him for services as sheriff of the county.    A demurrer to the petition was filed by the county, and this demurrer was heard and overruled by Judge Russell, of the Western circuit, presiding in place of Judge Kimsey.    Exceptions pendente lite to the overruling of the demurrer were duly presented, certified by Judge Russell, and filed as part of the record in the case.    This was at the January term, 1903, of Hall superior court.    At the July term, 1904, of that court, Judge Russell referred the case to an auditor, who, at the January term, 1905, filed his report, which in every important particular was favorable to the plaintiff.    The defendant filed exceptions of law to the auditor's report, which were heard and overruled by Judge Kimsey, of the Northeastern circuit.    Within the time prescribed by law the defendant presented its bill of exceptions to Judge Kimsey, complaining of the overruling of its demurrer by Judge Russell, and of the overruling of its exceptions to the auditor's report by Judge Kimsey.    The bill of exceptions was certified as true by Judge Kimsey, and the portions of the record specified as material to a clear understanding of the alleged errors, including the exceptions pendente lite, were transmitted to this court.    Upon the call of the case here, the defendant in error moved to dismiss the writ of error, because the bill of exceptions excepts to acts of Judge Russell more than thirty days before the bill of exceptions was sued out; because the bill of exceptions should have been presented to Judge Russell, and not to Judge Kimsey; because no litigant should be allowed to join in one bill of exceptions complaints of the acts of two judges, one at one

term of court and another at a subsequent term; because the plaintiff in error does not except to the final judgment in favor of the plaintiff against the defendant; and because the bill of exceptions does not plainly specify the errors complained of.

The motion to dismiss is without merit. The only object of exceptions pendente lite is to preserve as part of the record, by means of the certificate of the trial judge, that which transpired on the trial of the case, and which would not otherwise appear of record. This is accomplished by the certificate of the trial judge to the bill of exceptions pendente lite; and so, in the present case, it was not necessary that the bill of exceptions on final writ of error be certified by Judge Russell, as he had already certified the bill of exceptions pendente lite. In *South Carolina R. Co.* v. *Nix*, 68 *Ga.* 572, it was held: "Where bills of exceptions pendente lite are certified, filed, and entered of record, when the case is brought up after final judgment, error may be assigned thereon upon motion in this court, though no mention be made of them in the main bill of exceptions. They are part of the record, and, having been certified once, need not be certified again." See also *Hardee* v. *Griner*, 80 *Ga.* 559. Nor do we know of any reason why a litigant may not join, in one bill of exceptions, complaints of the rulings of two different judges, so long as they pertain to the one case in hand and are in due and legal form presented to this court. It is true that Judge Kimsey could not properly certify to what took place on the hearing of the demurrer before Judge Russell. *Cutts* v. *Scandrett*, 108 *Ga.* 620. But it was entirely within his province to certify to what appeared of record in the case before him; and as the exceptions pendente lite were duly entered of record, there was nothing to prevent Judge Kimsey from certifying to that fact and ordering the clerk to send those exceptions to this court as part of the record material to a clear understanding of the alleged errors. It was not necessary for the plaintiff in error to except to the judgment entered on the report of the auditor; for had either of the rulings of which it complains been made as it contends they should have been made, the case against it would necessarily have been at an end. There is no merit in the contention that the bill of exceptions does not plainly specify the errors complained of.

4. The sole question presented by the bill of exceptions is whether a county is primarily liable to its sheriff for the amount of $1.25, allowed that officer by the Penal Code, § 1107, for each prisoner conducted before a judge or court to and from jail, or whether this fee must be made by the sheriff out of the defendant after conviction. The code section referred to enumerates the fees allowed to sheriffs for various designated services; and at the conclusion of this enumeration provides that "Mileage fees, executing criminals, and for guards herein provided, shall be paid by the county, and no criminal cost herein provided for shall be collectible out of the defendant until after conviction, except costs accruing upon forfeited recognizances." Nowhere in the section is there any direct and explicit provision as to how the costs now under consideration shall be paid; but certainly there is a clear inference in the language quoted that they shall be made out of the defendant, and that the county shall not be primarily liable for them. For if it was intended that the county should pay them in the first place, what reason could there have been to provide that they should not be " collectible out of the defendant until after conviction " ? In other words, if they were not to be made out of the defendant, why should it have been necessary to state when the liability of a defendant should arise ? We can conceive of no answer to these questions, except that it was the intention of the General Assembly that the officer should look to the prisoners themselves for his cost for conducting them before a judge or court, to and from jail. The case of *Sapp* v. *Rozar*, 70 *Ga.* 722, is not in point. It was there decided that a sheriff is only entitled to be paid once for bringing a prisoner confined in jail into court for trial, and once for returning him, and that he can not claim a fee for each time he may conduct a prisoner to and from the jail pending trial. The question as to who was liable for the costs did not enter into the decision. It is true that the defendant in error in that case was the ordinary of the county, and presumably he considered the county liable for the costs which were really due; but as that question was not made or decided in the case, that decision is not authority either for or against what is now held. The court below should have sustained the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*