10492, 10503.   COVIN *v.* CAIRO BANKING COMPANY; and *vice versa.*

JENKINS, P. J.  1. Under the evidence in this case, this court is unable to say that the court below abused its discretion in the first grant of a new trial, even though it appears that a different judge than the one who tried the case was then acting. See in this connection *Van Giesen* v. *Queen Insurance Co.,* 132 *Ga.* 515 (64 S. E. 456); *Ga. So. & Fla. Ry. Co.* v. *Bryan,* 15 *Ga. App.* 253 (82 S. E. 913). The judgment complained of in the main bill of exceptions is therefore affirmed.

2. The cross-bill of exceptions assigns error upon exceptions pendente lite taken to the order of the trial court refusing to sustain and overruling the plea of res adjudicata interposed by the defendant. The assignment of error contained in the exceptions pendente lite is as follows: "The issue as to the plea of res adjudicata was submitted to the presiding judge for determination without the intervention of a jury; and said plea of res adjudicata was not sustained by the court and was overruled, the court holding that the former suit was not between the same parties and was not the same cause of action as that appearing in the suit at bar, to which ruling and judgment of the court defendant then and there excepted, now excepts, and assigns the same as error." The judgment thus excepted to is in the following language: "The foregoing plea of res adjudicata is not sustained, and is therefore overruled, as not being same parties and same subject-matter." *Held:* The language used in the judgment and in the exceptions pendente lite assigning error thereon must, when taken together, be construed as meaning that the court, acting as both court and jury, passed upon the *issue* raised by the plea of res adjudicata after a hearing had thereon, and not merely upon its legal sufficiency as against a motion to dismiss. On such a hearing there must necessarily have been introduced in evidence the entire record of the former action, since to simply attach

copies thereof to the plea was not sufficient. *Findley* v. *Johnson*, 84 *Ga.* 69 (10 S. E. 594). Thus, while the plea of res adjudicata, together with the alleged copies of the former proceedings attached thereto, is specified in the cross-bill of exceptions, and is set forth in this record, yet the record of the former suit, in which it is claimed that the questions here raised were determined, is not set forth in the bill of exceptions or in a brief of the evidence, nor in any way properly authenticated; and therefore the objection made to the consideration of the cross-bill must be sustained. *Hodges* v. *Talbert*, 135 *Ga.* 253 (3), 259 (69 S. E. 103). See also *Cutts* v. *Scandrett*, 108 *Ga.* 620, 623 (34 S. E. 186); *Hall County* v. *Gilmer*, 123 *Ga.* 173 (51 S. E. 307).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 26, 1919.

Complaint; from city court of Cairo—Judge Harrell presiding. March 27, 1919.

*P. C. Andrews, S. P. Cain,* for Covin.

*M. L. Ledford, Bell & Weathers,* contra.