### 13127. COVIN *v.* CAIRO BANKING COMPANY.

HILL, J. 1. Where a petition for certiorari from a verdict and judgment in a city court has been duly filed, alleging a final judgment in the case, and exception is taken thereto, although the answer of the judge of that court may not affirmatively verify the allegation that there was a final verdict and judgment, yet if no motion to dismiss the petition because of the failure to verify this allegation is made before the judge of the superior court, and the case is heard and determined on the assumption that there was a final judgment and an exception taken thereto, this court will pass on the merits of the case, as neither the attention of the judge of the city court nor that of the judge of the superior court was called to the fact that the answer did not affirmatively show that there was a final judgment, and there was no traverse to the answer, nor any step taken to require the judge of the city court to answer over, and as this defect in the answer was one that could have been remedied.

2. While this is the first grant of a new trial on certiorari, yet a new trial was formerly granted in this case by this court. See

*Covin* v. *Cairo Banking Co.*, 24 *Ga. App.* 510 (101 S. E. 304). However, we have closely examined the verdict in the case, and are of the opinion that the discretion of the judge of the superior court has been justly and wisely exercised, in view of the peculiar issues and facts of the case, and that there was no abuse of his discretion in granting a new trial. *Vassie* v. *Central of Georgia Ry. Co.*, 135 *Ga.* 8 (68 S. E. 782).

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
    DECIDED MAY 23, 1922. REHEARING DENIED JUNE 13, 1922.

Certiorari; from Grady superior court — Judge Thomas. November 22, 1921.

*S. P. Cain,* for plaintiff in error.

*M. L. Ledford,* contra.