### PERRY *v.* TUMLIN.

1. Where a certiorari is granted to review the proceedings of a municipal court in a case in which two or more of the judges each presided at different stages of the trial, and exceptions are taken as well to the judgment of the judge who ruled upon an issue antecedent to the final judgment as to the final judgment itself, both municipal judges should answer the certiorari. In such a case the answer of the judge who presided in the trial of the issue antecedent to that in which the final judgment was rendered is sufficient to verify or deny the allegations of the petition for certiorari upon that point, even though the municipal judge who presided at the time the final judgment was rendered may answer that for lack of knowledge he is unable to make answer as to the truth of the allegations of the certiorari upon the antecedent issue. In a municipal court composed of more than one judge but in which only one judge presided in the original trial of a case, the right

---

Certiorari 11 C. J. p. 173, n. 78.
Pleading 31 Cyc. p. 168, n. 93.
Process 32 Cyc. pp. 515, n. 19; 525, n. 28.

to review by certiorari will not be denied by reason of the fact that the judge who rendered the final judgment in the cause may not be able to certify to an antecedent ruling of the court rendered while another and different judge thereof was presiding.

2. It is not necessary to traverse an entry of service in which it appears that the defendant has been personally served, in order to file a plea to the jurisdiction of the court; nor is a plea to the jurisdiction of the court, which avers that the defendant is a non-resident of the county in which the suit is brought, defective, although there is no denial that the defendant was duly served as alleged in the entry of service made by the officer who executed the process. Service is one thing, and jurisdiction is another and entirely different thing in the sense that service is essential even though jurisdiction be admitted.

3. In view of the ruling in the preceding headnote, a ruling to the effect that "A plea to the jurisdiction, on the ground that the defendant was not a resident of the county in which the suit was filed, can not be maintained without a traverse of the entry of service, where it appears therefrom directly or by necessary implication that the suit was filed and served in the county of the defendant's residence," is not reconcilable with the holding of the Supreme Court in paragraph 3 of the syllabus in *McKnight* v. *Wilson*, 158 *Ga.* 153 (122 S. E. 702). The ruling quoted carries an implication that the officer serving the process may determine the residence of the defendant whom he serves, by a consideration of the allegations of the petition as to the defendant's residence.

No. 4720. DECEMBER 17, 1925.

The Court of Appeals (in Case No. 15857) requested instructions of this court upon the following questions:

"1. Where a petition for certiorari was duly presented, sanctioned, and filed, excepting to the final judgment by one of the judges of the municipal court of Atlanta, and the validity of the judgment depends upon the correctness of antecedent rulings in the case by another of the judges of that court, are the allegations of the petition with respect to such antecedent rulings sufficiently verified by the answers of the judges, where, although the writ of certiorari was issued to both of such judges and the judge who made the antecedent rulings made an answer admitting that the allegations of the petition with respect thereto were true, the judge who rendered the final judgment answered that he did not know what the antecedent rulings were, and that as to those he could not answer, the verification being in all respects sufficient unless it be otherwise because of the failure of the judge who rendered the final judgment to verify the allegations of the petition with respect to the antecedent rulings? (See *Marchman* v. *Todd,* 15 *Ga.* 25 (7); *Cramer* v. *Truitt,* 113 *Ga.* 967.) If question 1 should be answered in the negative, further instructions will not

be desired; but if that question should be answered in the affirmative, instructions are then desired in answer to the following further questions:

"2. Where a suit was brought in the municipal court of Atlanta, alleging that the defendant was a resident of the County of Fulton, and the officer whose duty it was to serve the processes of that court made and signed a timely entry of service upon the petition, as follows, 'Georgia, Fulton county: I have this day served the defendant [naming him] personally with a copy of the within action and summons;' and the defendant responded at the time required for his appearance by filing a plea to the jurisdiction of the court, upon the ground that he was not a resident of or domiciled in the County of Fulton, but resided and was domiciled in another county of this State, and that for this reason the courts of Fulton County were without jurisdiction to render any judgment against him, was it essential to the validity of this plea that he should traverse the entry of service and make the officer who had made the return a party?

"3. Is the ruling of the Court of Appeals in *Tufts* v. *Threlkeld,* 31 *Ga. App.* 452, to the effect that 'A plea to the jurisdiction, on the ground that the defendant was not a resident of the county in which the suit was filed, can not be maintained without a traverse of the entry of service, where it appears therefrom directly or by necessary implication that the suit was filed and served in the county of the defendant's residence,' reconcilable with the holding of the Supreme Court in paragraph 3 of the syllabus in *McKnight* v. *Wilson,* 158 *Ga.* 153 (122 S. E. 702), in that the question of jurisdiction was raised by the defendant in the former case prior to the judgment, while in the latter case the party sought to be bound made no appearance until after judgment had been rendered against him, and then only by an independent suit in equity for the purpose of setting aside the judgment and enjoining execution thereof? (In connection with questions 2 and 3, see *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212 (4); *Bell* v. *New Orleans & Northeastern R. Co.,* 2 *Ga. App.* 812 (2): *Harbig* v. *Freund,* 69 *Ga.* 180; *King* v. *Phillips,* 70 *Ga.* 409 (2).)"

*James A. Perry* and *F. A. Hooper & Son,* for plaintiff in error.

*Roger B. Jones, Troutman & Troutman,* and *Lindsey L. Moore,* contra.

RUSSELL, C. J. 1. In our opinion the first question must be answered in the affirmative. Abbreviating the inquiry, the question may be stated as one whether on the review of a case in which two judges at different times and at different stages participate in the adjudication, must verification of the proceedings in the trial court be confined to the judge who presided at the rendition of the final judgment, or may not a different judge, who presided upon the investigation of some preliminary or interlocutory question, verify the history of that portion of the proceedings in the trial court in which the judge who finally presided did not participate and with relation to which he was therefore not prepared to certify? In other words, we hold that the failure of the judge who rendered the final judgment to certify the allegations of a petition for certiorari with respect to antecedent rulings may be supplied by the verification of the judge who made the antecedent rulings in an answer filed by him admitting that the allegations of the petition with respect thereto are true. In *Marchman* v. *Todd,* 15 *Ga.* 25, it was held that "Where a certiorari is granted to review the proceedings of an inferior judicatory, all the magistrates who presided on the trial should answer the certiorari." At first blush this ruling would seem to be but little in point on the question now before us, for the *Marchman* case related to a certiorari from one of the inferior courts of this State, which, as is well known, consisted of five justices; and we might infer that an answer from all of the justices who presided at the trial was required for the purpose of informing the reviewing court that the judgment rendered was in fact a judgment of the majority of the court. However, the court did not place its ruling upon that ground. In the seventh division of the opinion, written by Judge Lumpkin, he said: "In cases like this, all the magistrates who presided on the trial below should answer the certiorari. It is not a mere transcript of the record that is sent up; but, like a bill of exceptions in this court, the certiorari and return are intended to supply those facts which do not appear of record. Some of these might be remembered by some of the magistrates, which are not recollected by the rest." So we see that the real ground upon which the decision embodied in the seventh headnote rests is the propriety or right of each magistrate to verify what he may remember better than some other member or members of the court. And upon the same principle, in the trial of a case at one stage

the judge who presided at that time not only would remember better than a judge who was not present, but he would be the only one of the two judges who could remember it at all, or who would know what transpired at that stage of the case. We think the point is controlled by the ruling of this court in *Hall County* v. *Gilmer*, 123 *Ga.* 173 (51 S. E. 307), in which the writer, then a judge of the superior court, presiding for Judge Kimsey in Hall superior court, certified exceptions pendente lite to a judgment overruling a demurrer to the petition, and at the termination of the case Judge Kimsey, having thereafter overruled exceptions of law to the report of an auditor, certified the main bill of exceptions, including the exceptions pendente lite previously certified in his absence, but which appeared from the record. This court approved the practice in that case, and held: "Where exceptions pendente lite are filed to the overruling of a demurrer, and are duly certified by the judge whose ruling is complained of, and are entered of record, no further certificate by the judge as to that ruling is required." Likewise we say in this case, that, the answer of Judge Pettigrew of the municipal court having verified the allegations of the petition as to the judgment upon the plea to the jurisdiction, no further verification as to that point was required. It is immaterial that Judge Ridley, who presided when the final judgment was rendered in this case, was unable to certify as to what occurred before Judge Pettigrew, because under the ruling in the *Hall County* case, supra, Judge Pettigrew having verified what Judge Ridley could not, "no further certificate by the judge as to that ruling is required." In *Cutts* v. *Scandrett*, 108 *Ga.* 620 (34 S. E. 186), Judge Felton of the Macon circuit, and Judge Butt of the Chattahoochee circuit, each presided at different stages of the trial. Judge Felton overruled a demurrer to a petition for an information in the nature of a quo warranto, and found adversely to the contention of the defendant set up by a plea to the jurisdiction on the ground that Judge Littlejohn, judge of the superior court of Dooly county, was not in fact disqualified, and that therefore the judge of the superior court of the Macon circuit had no jurisdiction. Judge Butt overruled a similar plea and a similar demurrer to those presented to Judge Felton, and also overruled a motion for a new trial in the case. A motion to dismiss the writ of error was made in this court on the ground, among

others, that the errors complained of in the bill of exceptions consisted of rulings made by two judges, to wit, Judge Felton and Judge Butt, and that the rulings of the court were not certified in the proper manner. In passing upon this question Judge Lewis, delivering the opinion of the court, said: "There is no authority of law, where two judges have presided at different times in the trial of different branches of the same case, for this court to review the rulings of one under a bill of exceptions based upon the certificate of the other. It does not necessarily follow, however, from this that the party complaining of errors made by the presiding judge on a preliminary hearing in a quo warranto case is without any remedy to have such rulings reviewed by this court. In such a case we see no reason why exceptions pendente lite could not be filed and duly certified, as the law requires, by the judge whose decisions are excepted to, and after a final determination of the case, when the same is brought for review before this court under a general bill of exceptions, the errors assigned in the exceptions pendente lite could not be considered and passed upon by this court as is usual in all such cases. It is true that in the decision cited above [*Western & Atlantic Railroad* v. *State of Georgia, 69 Ga. 524*] it was held that it was not necessary for exceptions pendente lite to be filed complaining of any rulings of the court that might be made during the progress of the trial of such a case. But the court nowhere in that decision intimates that a party has not the right to file such exceptions, and thus make them a part of the record, before the final termination of the cause. In that case there was but one judge who had presided below throughout the proceedings, and the court evidently did not contemplate applying the principle it decided to a case where the rulings of two judges, made at different times in the progress of the trial, were sought to be reviewed before this court. We do not think, therefore, that the principle announced by the court can be fairly applied to the facts in this case, especially as the application of such principle would be in violation of a special statute touching the jurisdiction of this court in passing upon assignments of error set forth in a bill of exceptions not certified by the judge whose rulings and decisions are complained of. But simply because the bill of exceptions in this case has embodied therein the rulings of Judge Felton and those of Judge Butt, and

assigns error on all, constitutes no reason why the bill of exceptions should be dismissed, and why this court has not jurisdiction to hear and determine such assignments of error in the bill of exceptions as relate only to the rulings of Judge Butt on the final hearing of the case. The bill of exceptions in this case specifically sets forth several decisions made by Judge Felton during the preliminary trial before him, and also the rulings of Judge Butt upon the final hearing of the case. While we can not consider the alleged errors committed by the former, for the reason that no proper exception has been taken thereto, yet this furnishes no reason whatever why this court should not consider other questions raised by the bill of exceptions, upon which error has been duly assigned, and a verification of which has been duly made by the certificate of the judge as prescribed by law."

A case may be supposed to have been tried in which one judge may have passed upon a plea to the jurisdiction, in which evidence was heard and a judgment as to the jurisdiction vel non had been reached, and for some cause the case may have been continued, and afterwards a final judgment may have been entered before another judge as equally clothed with jurisdiction as the former. The ruling in the *Cutts* case, supra, we think authorizes us to hold that if the bill of exceptions be properly certified by the judge presiding at the final judgment and termination of the case, and if the exceptions to the ruling of the judge who previously presided at the adjudication of preliminary questions be properly preserved by exceptions pendente lite, a vehicle would be provided by which all of the assignments of error would be within the jurisdiction of this court for review. Judge Lewis, speaking for the court in the *Cutts* case, supra, states specifically that the only reason why the recitals in the bill of exceptions touching the rulings of Judge Felton are treated "simply as a part of the history of the case" is "for the reason that no proper exception has been taken thereto." Any one interested in this question may see 11 C. J. 173, §§ 257, 258; People ex rel. Devlin *v.* Conover, 6 Abb. Pr. (N. Y.) 228; Harris *v.* Whitney, 6 How. Pr. (N. Y.) 175.

2. We are of the opinion that the second question should be answered in the negative. An entry, "Georgia, Fulton County: I have this day served the defendant [naming him] personally with a copy of the within action and summons," must be traversed if

the defendant denies that he was personally served; but it is not necessary for one to deny that he was personally served, especially if in fact he was personally served, in order to assert that the court is without jurisdiction of his person. "To traverse" is equivalent to "to deny." Defective service, or a failure to serve, may deprive a court of jurisdiction, but there may be want of jurisdiction in such court although service, whether personal or constructive, is perfect. Confusion has sometimes arisen from thoughtlessly construing lack of service as synonymous with lack of jurisdiction. There may be decisions to the effect that where an officer's entry of service states such facts as unquestionably confer jurisdiction upon the court whose process is being executed, a traverse of the return of service as entered by an officer acting under oath must be made; but we are of the opinion that a proper plea to the jurisdiction, timely filed, which sets up facts showing the court's lack of jurisdiction, does not require the aid of a traverse of the entry of service in a case such as that stated in the question of the Court of Appeals now under consideration. As stated in the question, the defendant averred "that he was not a resident of or domiciled in the County of Fulton, but resided and was domiciled in another county of this State, and that for this reason the courts of Fulton County were without jurisdiction to render any judgment against him." This being so, no service of any kind would give the courts of Fulton County jurisdiction. If as a matter of fact he had been personally served, he could not traverse or deny the truth of the entry of service; and yet the fact stated under oath by the officer was utterly immaterial in enabling the court to determine whether or not it had jurisdiction. Service is one thing, and jurisdiction is another and entirely different thing in the sense that service is essential even though jurisdiction be admitted.

3. In view of what has been said, the ruling of the Court of Appeals in *Tufts* v. *Threlkeld,* 31 *Ga. App.* 452 (121 S. E. 120), that "A plea to the jurisdiction, on the ground that the defendant was not a resident of the county in which the suit was filed, can not be maintained without a traverse of the entry of service, where it appears therefrom directly or by necessary implication that the suit was filed and served in the county of the defendant's residence," can not be reconciled with the holding of the Supreme Court in paragraph 3 of the syllabus in *McKnight.* v. *Wilson,*

supra, in so far as the ruling in the latter case is pertinent to the question now presented by the Court of Appeals. Though the ruling in *McKnight* v. *Wilson* was to the effect that an independent suit in equity for the purpose of setting aside a judgment rendered by a court without jurisdiction might be had after judgment, the principle announced would not be affected in a case where the question of jurisdiction was raised prior to judgment. The distinction grows out of the fact that while lack of service may afford ground for a plea to the jurisdiction, service in perfect form will not confer jurisdiction upon a court which has none. The ruling from the case of *Tufts* v. *Threlkeld,* supra, which is quoted by the Court of Appeals in question 3, contains at least a pregnant implication that a traverse of the entry of service is necessary to a plea to the jurisdiction based upon the ground that the defendant is not a resident of the county in which the suit is filed, when the officer serving the process has determined for his own satisfaction the county of the defendant's residence. This view is confirmed by a consideration of the case of *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212 (120 S. E. 658), which is cited in the *Tufts* case and to which we are referred by the Court of Appeals as a part of the question. In the *Tufts* case the court said: "We can not agree with the position taken by the plaintiff in error that there was never a valid pending suit in the city court of Atlanta. An action was pending there at the death of the tortfeasor, with an entry of service [personal service] regular upon its face. This entry was never traversed, *and implied that the defendant was a resident of the County of Fulton, as the petition had alleged."* Of course it is too well settled to require citation of authority that the entry of service of a sheriff or other serving officer acting under oath prima facie imports absolute verity, and can not be questioned except upon a sworn denial of the truth of the statements contained in the entry. Where an entry of personal service is made by such oath-bound officer, it requires a sworn denial to call it in question. But the serving officer is not clothed with the power to adjudge or determine the residence of the defendant whom he serves, and certainly not by statements of the petition of the plaintiff as to the residence of the defendant. The sheriff can not find the defendant to be a resident of a particular county, and if he could, the plaintiff's statement as to that matter at the time that service is made is not binding upon the

defendant, and is subject to be disproved in the court in which the petition is pending.                    *All the Justices concur.*