## 15857. PERRY *v.* TUMLIN.

BELL, J. 1. "It is not necessary to traverse an entry of service in which it appears that the defendant has been personally served, in order to file a plea to the jurisdiction of the court; nor is a plea to the jurisdiction of the court, which avers that the defendant is a nonresident of the county in which the suit is brought, defective, although there is no denial that the defendant was duly served as alleged in the entry of service made by the officer who executed the process. Service is one

Certiorari, 11 C. J. p. 158, n. 86 New; p. 173, n. 83.
Courts, 15 C. J. p. 986, n. 54, 60.
Pleading, 31 Cyc. p. 167, n. 90.

thing, and jurisdiction is another and entirely different thing in the sense that service is essential even though jurisdiction be admitted." *Perry* v. *Tumlin,* 161 *Ga.* 392 (131 S. E. 70).

2. "Where a certiorari is granted to review the proceedings of a municipal court in a case in which two or more of the judges each presided at different stages of the trial, and exceptions are taken as well to the judgment of the judge who ruled upon an issue antecedent to the final judgment as to the final judgment itself, both municipal judges should answer the certiorari. In such a case the answer of the judge who presided in the trial of the issue antecedent to that in which the final judgment was rendered is sufficient to verify or deny the allegations of the petition for certiorari upon that point, even though the municipal judge who presided at the time the final judgment was rendered may answer that for lack of knowledge he is unable to make answer as to the truth of the allegations of the certiorari upon the antecedent issue. In a municipal court composed of more than one judge but in which only one judge presided in the original trial of a case, the right to review by certiorari will not be denied by reason of the fact that the judge who rendered the final judgment in the cause may not be able to certify to an antecedent ruling of the court rendered while another and different judge thereof was presiding." *Perry* v. *Tumlin,* supra.

(a) The rulings by the Supreme Court as quoted above were made in answer to questions certified in the present case.

3. Under the decision in *Peacock* v. *Collins,* 110 *Ga.* 281 (2) (34 S. E. 611), the evidence adduced upon the trial of the plea to the jurisdiction in the instant case demanded a finding in favor of the plea. It follows that the municipal court erred in rendering judgment against the plea, and the superior court erred in not sustaining the certiorari to review that and the final judgment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 16, 1926.

Certiorari; from Fulton superior court—Judge E. D. Thomas. July 8, 1924.

*J. A. Perry, F. A. Hooper & Son,* for plaintiff in error

*Roger B. Jones, Troutman & Troutman,* contra.