## KENNEDY *v.* AYERS.

HINES, J. 1. This court is without power to pass upon the correctness of any decision of a judge of the superior court which has not been authenticated or verified by the certificate of the judge whose rulings are complained of; and where two judges have presided at different stages of the same case, there is no authority of this court to review antecedent rulings of one under a bill of exceptions based upon the certificate of the other, where no exceptions pendente lite or otherwise have been taken to such antecedent ruling and duly certified by the judge making it. *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186) ; *Hall County* v. *Gilmer,* 123 *Ga.* 173 (51 S. E. 307) ; *Perry* v. *Tumlin,* 161 *Ga.* 392, 396 (131 S. E. 70). There is nothing to the contrary of what we hold above, in *Turner* v. *Barber,* 131 *Ga.* 444 (6) (62 S. E. 587). In that case both

---

Appeal and Error, 3 C. J. p. 940, n. 20; 4 C. J. p. 441, n. 34; p. 442, n. 36; p. 445, n. 65.

judgments which were sought to be reviewed were certified by the judge who made both.

2. Where one of the judges of Fulton superior court, on June 22, 1926, sustained two grounds of demurrer to an equitable petition, with leave to the plaintiff to amend within twenty days, but overruled other grounds of demurrer, and where, on July 16, 1926, another judge of said court rendered a judgment dismissing the case because the petition had not been amended as required by the former judgment of the judge hearing the demurrer, such judgment sustaining certain grounds of the demurrer can not be reviewed by this court under a bill of exceptions based upon the certificate of the judge rendering the judgment dismissing the petition, no exceptions pendente lite or otherwise having been taken to such judgment and duly certified by the judge rendering it; but the writ of error will not be dismissed because exception is taken in the bill of exceptions to such judgment.

3. The law of the case having been fixed by the judgment of the court upon the ruling upon the demurrer, to which no exceptions have been taken which would authorize this court to review such judgment, the judge who finally heard the case, in view of the judgment upon the demurrer, properly dismissed it.

*Judgment affirmed. All the Justices concur.*

No. 5589. May 5, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. July 16, 1926.

*McElreath & Scott,* for plaintiff.

*G. Seals Aiken* and *Cecil R. Hall,* for defendant.