## 26966. O'KELLEY *v.* DILLASHAW.

DECIDED OCTOBER 1, 1938.

*Charles G. Bruce,* for plaintiff. *Edwin G. Barham,* for defendant.

SUTTON, J. The plaintiff sued the defendant in DeKalb superior court, and a deputy sheriff made a return of service that he had served the defendant by leaving a copy of the petition and process at her most notorious place of abode. The defendant filed a timely and proper plea to the jurisdiction, setting up that she was not a resident of DeKalb County, but was a resident of Bleckley County, and that the superior court of Bleckley County, and not DeKalb County, had jurisdiction of the defendant and the present case. The plaintiff made a motion to dismiss the plea to the jurisdiction, on the ground that the return of the deputy sheriff was not traversed, and because the sheriff and his deputy

were not made parties. The judge overruled the motion, and the plaintiff excepted pendente lite. The case proceeded to verdict and judgment sustaining the plea to the jurisdiction, and the assignment of error here is to the overruling of the motion to dismiss the plea to the jurisdiction.

■ Under the ruling of the Supreme Court in *Perry* v. *Tumlin,* 161 *Ga.* 392, 399, 400 (131 S. E. 70), a timely, proper plea to the jurisdiction does not require the aid of a traverse of the return of service made by the officer. It was there held: "Defective service, or a failure to serve, may deprive a court of jurisdiction, but there may be want of jurisdiction in such court although service, whether personal or constructive, is perfect. Confusion has sometimes arisen from thoughtlessly construing lack of service as synonymous with lack of jurisdiction. There may be decisions to the effect that where an officer's entry of service states such facts as unquestionably confer jurisdiction upon the court whose process is being executed, a traverse of the return of service as entered by an officer acting under oath must be made; but we are of the opinion that a proper plea to the jurisdiction, timely filed, which sets up facts showing the court's lack of jurisdiction, does not require the aid of a traverse of the entry of service in a case such as that stated in the question of the Court of Appeals now under consideration." See also *Perry* v. *Tumlin,* 35 *Ga. App.* 50 (132 S. E. 141); *McKnight* v. *Wilson,* 158 *Ga.* 153 (122 S. E. 702). It is true that in *Perry* v. *Tumlin* personal service was had on the defendant, but the principle of law there enunciated would be equally applicable whether the service be personal or constructive. Where, as in the present case, a defendant is sued and served in a county that he is not a resident of or domiciled in, but is a resident of another county in this State, no service of any kind, whether personal or constructive, would give the courts of the former county jurisdiction. The cases cited by the plaintiff have been carefully considered by us, but they are not applicable or controlling in the present case.

■ Under the law applicable to the facts of this case, it was not necessary to traverse the return of service of the officer in order to file a plea to the jurisdiction, or to make the sheriff or his deputy parties. The court properly overruled the motion above referred to.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*