33727. ALLISON *v.* HODO *et al.*

DECIDED NOVEMBER 9, 1951.

*Mitchell & Mitchell,* for plaintiffs in error.

*Woodruff, Swift & Dorsey,* contra.

FELTON, J. 1. (a) Defendant contends in her argument on her exception pendente lite that the general demurrer should have been sustained, and in her argument on the general grounds of the amended motion for a new trial that plaintiffs should not have recovered because the petition showed and the evidence disclosed that plaintiffs were intruders on the premises of defendant. This contention is without merit. Plaintiff Ada Ruth Hodo testified that plaintiffs and Annie Moss had rented the premises from defendant's mother before the mother's death, they paying half and Annie Moss paying half of the rent, and that the arrangement had continued after the mother's death. Defendant testified that she never rented to plaintiffs; that her mother had rented the property to Annie Moss; that she registered Annie Moss as tenant with the O.P.A.; that Annie Moss always brought the rent to her house; that she never received any rent from plaintiffs. Assuming for the sake of argument that, as defendant contends, plaintiffs were intruders, defendant owed them a duty not to use force in evicting them from the premises. Code § 105-1501 prescribes the manner in which one must eject intruders from possession of lands and tenements, and where persons are in possession of lands and tenements, and another person who claims right of possession claims, as defendant here claims, that those holding possession are intruders holding without good faith, he must resort to the judicial manner prescribed in Code § 105-1501 in ejecting the alleged intruders, and if he, without regard for such Code section, forcibly ejects the alleged intruders, he can be held liable for any damages arising out of such wrongful ouster. In this connection, see *Entelman* v. *Hagood,* 95 *Ga.* 390 (1) (22 S. E. 545).

(b) There was sufficient evidence to authorize the judgment of $100 actual damages. Plaintiff Ada Ruth Hodo testified that the value of her furniture before its removal was $300. The evidence as to the value of the furniture before and after its removal was in conflict and the court sitting as trior of facts was authorized to reconcile such conflict and find in the amount of $100 actual damages.

2. Code § 105-2002 authorizes the award of additional damages

in a tort where there are aggravating circumstances, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff. There is nothing in the record to show whether the court awarded the additional damages to deter a repetition of the trespass or as compensation for wounded feelings; however, he was authorized to find that removing the furniture into the yard instead of into some protective place of storage aggravated the wrongful ouster, regardless of the manner in which the furniture was removed, and was authorized to award additional damages either to deter the wrongdoer or as compensation for plaintiffs' wounded feelings. A wilful or conscious or intentional disregard of the interest of the plaintiff is the equivalent of legal "malice" justifying punitive damages for trespass. *Investment Securities Corp.* v. *Cole,* 57 *Ga. App.* 97 (4) (194 S. E. 411). The judgment of $300 punitive damages was authorized.

The special grounds of the amended motion for a new trial being in the nature of general grounds, they are considered with the general grounds in division 1 (a) and (b).

The renewed special demurrers to the amended petition were without merit.

The court did not err in overruling the demurrers, and in overruling the amended motion for a new trial.

*Judgments affirmed. Sutton, C.J., and Worrill, J., concur.*