210 Ga. 87 (1953)
78 S.E.2d 14
FAMBROUGH
v.
FAMBROUGH, Executor.
18349.
Supreme Court of Georgia.
Argued September 15, 1953.
Decided October 13, 1953.
Orrin Roberts, Reuben M. Tuck, for plaintiff in error.
C. R. Vaughn, Jr., A. F. Jenkins, contra.
*91 HEAD, Justice.
1. "When a parol agreement whereby one is to receive title to land, in consideration for services rendered another, is sought to be enforced, the proof of such contract should be so clear, strong, and *88 satisfactory, as to leave no reasonable doubt as to the agreement." Barnett v. Henry, 200 Ga. 365 (37 S. E. 2d 340). "A party seeking specific performance of a contract must show substantial compliance with his part of the agreement; otherwise he is not entitled to a decree." Lee v. Lee, 191 Ga. 728 (13 S. E. 2d 774); Christopher v. Whitmire, 199 Ga. 280 (34 S. E. 2d 100). Under the foregoing rules, the verdict for the defendant was demanded by the evidence.
2. Grounds 4, 5 and 6 of the amended motion assign error on extracts from the charge of the court. These assignments of error are not grounds for reversal when the verdict was demanded by the evidence. Jones v. Warren & Hobbs, 60 Ga. 359; Taylor v. Street, 82 Ga. 723 (9 S. E. 829); Charleston & Savannah Ry. Co. v. Green, Gaynor & Co., 95 Ga. 362 (22 S. E. 540); Poole v. Atlanta Joint Stock Land Bank, 189 Ga. 59, 65 (5 S. E. 2d 368); Lunsford v. Armour, 194 Ga. 53 (20 S. E. 2d 594); Castile v. Burton, 200 Ga. 877, 883 (3) (38 S. E. 2d 919); Richardson v. Hairried, 202 Ga. 610, 615 (2) (44 S. E. 2d 237).
3. In ground 7 of the amended motion for new trial, error is assigned on the exclusion from evidence of three letters from the petitioner to his parents, in which it appears that the petitioner sent to his parents certain money, with instructions to use it if they needed it. The letters were excluded by the trial judge under the Code, § 38-1603 (1). They did not relate to the alleged contract to make a will, nor did they show that the petitioner had supported his parents. Under the petitioner's own testimony, the money was deposited in a bank by the petitioner's father in the name of the petitioner, and the petitioner later withdrew the money, after he was discharged from military service. Reversible error is not shown by this ground.
Judgment affirmed. All the Justices concur.