36638.  ASSOCIATES DISCOUNT COMPANY *v.* PARROTT.

Decided April 17, 1957.

*Levy, Buffington & Levy,* for plaintiff in error.

*Philip Keen, Osgood O. Williams,* contra.

QUILLIAN, J.   The bill of exceptions states that the entire record of case No. 343,371 was introduced in evidence at the hearing. This evidence was not set forth in the bill of exceptions or in the brief of evidence.   In *Covin* v. *Cairo Banking Co.,* 24 *Ga. App.* 510 (2) (101 S. E. 304) it was held: "Thus, while the plea of res adjudicata, together with the alleged copies of the former proceedings attached thereto, is specified in the cross-bill of exceptions, and is set forth in this record, yet the record of the former suit, in which it is claimed that the questions here raised were determined, is not set forth in the bill of exceptions or in a brief of the evidence, nor in any way properly authenticated; and therefore the objection made to the consideration of the cross-bill must be sustained.   *Hodges* v. *Talbert,* 135 *Ga.* 253 (3), 259 (69 S. E. 103).   See also *Cutts* v. *Scandrett,* 108 *Ga.* 620, 623 (34 S. E. 186); *Hall County* v. *Gilmer,* 123 *Ga.* 173 (51 S. E. 307)."

It was also held in *Kelley* v. *City of Atlanta,* 141 *Ga.* 612 (1) (81 S. E. 869) " 'The court will not consider as evidence affidavits and documents specified in a bill of exceptions as material to a clear understanding of the errors complained of which are not incorporated in an approved brief of the evidence, but are brought to this court in the transcript of the record merely as independent papers under the certificate of the clerk that they are of file in his office.'   *Roberts* v. *Heinshon,* 123 *Ga.* 685 (51 S. E. 589).   And in such a case, where the questions raised for decision cannot be determined without a consideration of the evidence, the judgment of the court below will be affirmed."

Therefore, even though the record of case No. 343,371 was specified in the bill of exceptions and sent to this court as a part of the record, it cannot be considered because it was not properly authenticated by the trial judge.

In accordance with what is stated above the judgment of the lower court is sustained.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*