## 24101. POPE v. COLE et al.

UNDERCOFLER, Justice. This is an appeal from an order sustaining general demurrers and dismissing both counts of an equitable petition. Petitioner was granted leave to amend Count 2. It was dismissed after expiration of the time allowed to amend without an amendment having been filed. *Held:*

1. Count 1 of the petition alleges that the petitioner, his father and one Cole (the principal defendant herein) orally agreed on January 8, 1962, as follows: The father would convey certain land to petitioner in consideration of his agreement to provide his father with a home and necessaries for the balance of his life; that Cole would advance funds necessary to pay certain outstanding indebtedness of the father; that Cole would assist petitioner in obtaining a loan to be secured by said property, the proceeds of which would be used to repay Cole the funds advanced by him; that Cole on the same day fraudulently persuaded and induced the father to give him a warranty deed to said property to secure the funds advanced and agreed to lease the property to the petitioner with an option to purchase it to "facilitate" the oral agreement of the parties; that on the same day the warranty deed was made to Cole, he entered into a lease with petitioner in accordance with his statements to petitioner's father; that Cole has refused to perform the "agreement" although appellant alleges he obtained a loan sufficient to repay Cole; and that actual possession of the property has been in the father and his successors in title since that time. The father is deceased and his heirs at law are named as defendants. In this count of the petition the petitioners prayed for specific performance of the oral agreement, declaration of a trust, cancellation of the warranty deed given to Cole and cancellation of certain instruments subsequently executed by Cole after the land was conveyed by such warranty deed.

The allegations of Count 1 of the petition are an attempt to assert an express trust by parol and engraft it on a deed. An express trust cannot be engrafted on a deed by parol. *Code* § 108-105; *Jones v. Jones,* 196 Ga. 492 (1) (26 SE2d 602) ; *Pantone v. Pantone,* 202 Ga. 733 (1) (44 SE2d 548). Furthermore, the allegations of the petition are insufficient to show inceptive fraud. "A mere failure to comply with the

promise would be insufficient to establish such fraudulent intent." *Dixon v. Dixon,* 211 Ga. 557 (87 SE2d 369). Accordingly, Count 1 of the petition did not allege a cause of action against the defendants and was properly dismissed on general demurrer. The enumeration of error complaining of the ruling on Count 1 of the petition is without merit.

2. Count 2 alleges substantially the same facts as Count 1 but in addition thereto petitioner alleges that Cole refused to convey the property to him under the option to purchase contained in the written lease contract between them. The petitioner in this count prayed for specific performance of the option to purchase contained in the lease contract, that Cole execute title conveying said land to him or, if he cannot execute such title, that he have judgment for the value of the land, and for other relief.

The lease contract for the year 1962, renewable annually for the years 1963 and 1964, contains an option to purchase the property for $22,000 provided that the rent for the previous year had been paid. The allegations of the second count of the petition, however, fail to show that the rental payments provided for in the lease contract had been made in accordance with the express condition precedent contained therein and that the option to purchase was therefore in force and effect at the time a purported tender was made. "A party seeking specific performance of a contract must show substantial compliance with his part of the agreement; otherwise he is not entitled to a decree." *Lee v. Lee,* 191 Ga. 728 (13 SE2d 774); *Fambrough v. Fambrough,* 210 Ga. 87 (78 SE2d 14); *Lester v. Copeland,* 219 Ga. 195, 201 (132 SE2d 190); and *Adams v. Cates Development Co.,* 219 Ga. 255 (132 SE2d 668). The trial court did not err in sustaining the general demurrer to Count 2 and in dismissing the petition. The enumeration of error complaining of the dismissal of Count 2 is without merit.

3. The court sustained a general demurrer to Count 2 of the petition with leave to the appellant to amend within a specified time. Upon expiration of said time with no amendment having been filed, the court dismissed the petition. Appellant's complaint that he was not given notice or afforded another hearing before the petition was dismissed is without merit. In the absence of an amendment within the time al-

lowed, the ruling on the demurrer became final. *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 6, 1967.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.

*M. L. Preston, Preston & Preston, Ward Whelchel, J. Baker McGee, Gibson, McGee & Blount, William G. Grant, Grant, Spears & Duckworth,* for appellees.