44936. MASLIA et al. v. HALL et al.

ARGUED JANUARY 12, 1970—DECIDED APRIL 17, 1970—
REHEARING DENIED MAY 11, 1970—

742

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellants.

*Rich, Bass, Kidd & Broome, C. Richard Avery, Huie & Harland, Harry L. Cashin, Jr., Simuel F. Doster, Jr., Woodruff, Savell, Lane & Williams, A. Ed Lane,* for appellees.

DEEN, Judge. ■ A prior action by these plaintiffs against these defendants on substantially the same cause of action was dismissed by the plaintiffs on October 20, 1965, following an order by the trial court entered October 13, 1965, as follows: "Paragraphs 1 and 2 of said [general] demurrer are hereby sustained; Paragraphs 3, 4, 5, 6 and 7 of said demurrer are hereby overruled; plaintiff is allowed 20 days in which to amend." We do not agree with the defendants that this is a bar to the bringing of the present action, which was filed in May 1968, at which time there was in effect *Code Ann.* § 81A-141 as follows: "An action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. . . A dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim." The same result is reached under former *Code* § 3-510 because the order sustaining the demurrer to the previous suit with time to amend left the suit pending in the court until the 20 days for amendment had expired. Even an oral order of dismissal, until reduced to writing and signed by the trial judge, does not operate as a dismissal.

*Hughes v. Feagin & Hancock,* 23 Ga. App. 667 (99 SE 232); *Athens Apt. Corp. v. Hill,* 156 Ga. 437 (1) (119 SE 631). Nothing to the contrary is held in *Peacock Constr. Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348), where for purposes of appeal one against whom a demurrer has been sustained with leave to amend is given the option whether to consider the date of the order as the date of a final judgment and appeal within 30 days thereafter, or to treat the case as pending and amend, or to treat the case as pending until the expiration of the time allowed for amendment and appeal within 30 days thereafter. The losing party here treated the case as pending and during the time allowed for amending voluntarily dismissed it, which he had a right to do.

■ As to the merits of the complaint as shown by the affidavits of the parties, a jury question may well be presented on the question of whether or not the plaintiffs, by failing to remove their property before the deadline given them by the defendants, abandoned it. Otherwise, however, they may well be able to show such a trespass against their personal property as would entitle them to prevail. Since there is no evidence to support the proposition that the lease was assigned to them, or that the owners at any time authorized a sublease of the property, they were either tenants at will, tenants at sufferance, or intruders. Whichever status they occupied, the defendants had no right to seize and destroy their property. See *Entelman v. Hagood,* 95 Ga. 390 (22 SE 545), and *Allison v. Hodo,* 84 Ga. App. 790 (67 SE2d 606). The first case involves a tenant holding over and the second an intruder relying on the tenancy of another, but in both instances it was held that a judicial process of ouster must be followed and that self-help in getting rid of the personal property of another on the premises is not permissible. Abandonment, of course, may result from acts of the owner or from failure to bring an action for the recovery of the personalty within four years. *Code* § 3-1003. The defendants were not entitled to a summary judgment on this issue.

■ It follows that, since there was no evidence of a subsisting lease at the time of the sale to the defendants, the

third-party defendants were properly granted summary judgment in their favor.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Quillian and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

HALL, Presiding Judge, concurring. In my view, any reference or discussion of the so-called law of the case in older opinions is irrelevant to an opinion in this case. The old law of the case rule on amendments in the trial court has been abolished by statute. *Code Ann.* § 81A-160 (h). The question here, as stated in the majority opinion, is whether the ruling of the trial court became res judicata prior to the voluntary dismissal.

*Code Ann.* § 81A-141 (to my personal regret) is not the same as Federal Rule 41. The latter does not give the plaintiff an absolute right to dismiss his suit after filing of defensive pleadings; it states that dismissal under these circumstances can come only upon order of the court and upon such terms and conditions as the court deems proper. To put it another way—once defensive pleadings have been filed, the Federal trial court has general supervision of the proceedings. However, *Code Ann.* § 81A-141 keeps the old Georgia sporting rule of allowing a plaintiff to play fast and loose with the trial court right up to the verdict. Irrespective of our personal views, we must accept the statute as it is written.

The holding in *Peacock Constr. Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348), affirming *Chambers v. Peacock Constr. Co.,* 115 Ga. App. 670 (155 SE2d 704), is that this type of ruling does not become final until the expiration of the time allowed for amendment. The only way it can become final prior to that time is upon the filing of a notice of appeal by the party who has the right to amend. In the absence of this affirmative action here, it did not become final until the expiration of the time allowed for amendment.

I am authorized to state that Judge Eberhardt concurs with this concurrence.

EVANS, Judge, dissenting. I dissent from the judgment of affirmance and also the contents of Division 1 and the corresponding headnote of the opinion to which I cannot agree. It is my

opinion that the claim and the allegations of this complaint are one and the same as another suit filed by the same four plaintiffs against these same four defendants in 1965, to which general demurrers were sustained and no appeal therefrom taken. The movants, in the eleventh defense to this suit, have set up the sustaining of the general demurrers, standing unreversed "as res judicata, and the law of the case as between these parties." It is my opinion that the same is res judicata, and on the hearing of the motion for summary judgment the court should have granted the same, thus ending this litigation.

In *Northside Manor, Inc. v. Vann,* 219 Ga. 298, 301 (133 SE2d 32), the court held that when "it was judicially adjudged that the petition alleged no cause of action, whether rightly or wrongly, that became the law of the case, and in the absence of an amendment within the time allowed, it became final. . ." In reaching this decision the court cited *Kennedy v. Ayers,* 164 Ga. 277 (138 SE 155) and *Lederle v. City of Atlanta,* 164 Ga. 440, 441 (138 SE 910) that where a general demurrer to a petition is sustained, with leave to the plaintiff to amend, such ruling upon the demurrer fixes the law of the case, and unless the plaintiff, by amendment, sets up new facts which, when taken in connection with the allegations of the petition, make a case which will entitle him to recover, a demurrer to the petition as amended, upon the ground that the judgment sustaining the former demurrer concluded the rights of the plaintiff to recover, should be sustained. The Supreme Court continues to follow the *Northside Manor* case, and in *Pope v. Cole,* 223 Ga. 448 (3) (156 SE2d 36) again held that where a general demurrer was sustained, upon expiration of time to amend if no amendment had been filed, the court properly dismissed the petition without any hearing thereon. Again, in *Peacock Constr. Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348), the Supreme Court granted certiorari to clarify this same type of ruling and held, at page 516, that until reversed, an express judgment sustaining a demurrer to the petition is completely final as to all rights of the petitioner asserted therein. The opinion continues: "Whether or not a formal order dismissing the petition is ever entered, the judgment sustaining the demurrer which asserts that no cause

of action is alleged stands as an insuperable barrier to the petitioner ever obtaining the relief sought." The ruling on the general demurrers occurred on October 13, 1965, and the petitioners were given 20 days to amend. On October 20, 1965, instead of amending, petitioners dismissed their action, and no appeal therefrom was taken. Thus none of the elections open to them by the *Peacock* case, as shown at page 517, were taken. Instead, petitioners dismissed their action without amending or appealing the ruling. The effect was to establish that no cause of action was alleged, which is now res judicata.

While earlier cases to the contrary may be found which hold that where a general demurrer is sustained with leave to amend, with no provision for automatic dismissal on the plaintiff's failure to amend within the time allowed, the order is merely conditional, and an amendment may be made at any time thereafter before dismissal; yet the rulings in the *Northside Manor* case, the *Pope* case, and the *Peacock* case, supra, are the latest rulings of the Supreme Court on this question, which are controlling on the Court of Appeals.

While it is true that no automatic dismissal was entered in the ruling on the general demurrers which were sustained in this case, nevertheless, plaintiffs did not amend but dismissed their action, and, as a result thereof, the case below stood with a general demurrer sustained to the action unreversed which was pleaded here. The ruling in that case is res judicata in this case where the plaintiffs seek to bring the same claim more than two years later. Clearly, the plaintiffs could not wipe out the ruling of the lower court by dismissing their case.

Without considering all the other grounds of the motion for summary judgment, it is my opinion that the lower court erred in failing to grant the motion on this defense alone, and I would reverse the judgment.

I am authorized to state that Judge Pannell concurs in this dissent.