COHEN & MENKO, plaintiffs in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

1. Where the evidence disclosed that an express company received the goods of the plaintiff at Savannah, for the purpose of transportation to the city of Atlanta, and that the same were not transported, it was error in the court to award a non-suit.

2. Whether the defendant can protect itself from its common law liability as a common carrier for the loss of the plaintiffs' goods, by showing that it received them under a contract made with another company, or as the agent of another company, or whether the plaintiffs had the right to elect to sue either company for the loss of their goods, are questions not now before the court.

3. A non-suit was awarded in the superior court, and such a decision was brought by writ of error, to this court, without any *supersedeas* having been obtained, where the judgment aforesaid was affirmed:

*Held,* that a second suit, commenced within six months from the date such affirmance was made the judgment of the superior court, but after the expiration of six months from the date of the decision awarding a non-suit, came within the provisions of section 2932 of the Code.

Common carriers. Contracts. Non-suit. Satute of limitations. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

For the facts of this case, see the decision.

P. L. MYNATT; COLLIER & COLLIER, for plaintiffs in error.

1st. As to question of non-suit, see 2 Kernan, 343; 2 Red. on Railways, 17, 18, 239; Shear. & Red. on Neg., 54; Code, sec. 3258; 19 N. H., 337; 28 Vt., 268; So. Ex. Co. *vs.* Chapman & Urquhart, decided January term, 1874; 6 Binney 129; 6 How., 344; Story on Bail., sec. 538.

2d. As to statute of limitations, see 32 Ga. R., 448; 44 *Id.* 659; Code secs. 2896, 3476.

A. W. HAMMOND & SON, for defendant.

1st. The first non-suit was granted on the 14th of June, 1871, and the suit was recommenced 3d July, 1872, for a loss in November, 1865. It was barred: Code, secs. 2923, 3059,

aided by sec. 2932. There was no *supersedeas*, and therefore, it is unnecessary to discuss the effect of going to supreme court. See Allen, Ball & Co. *vs.* Mayor and Aldermen of Savannah: 9 Ga. R., 286.

2d. Plaintiffs contracted with the Adams Express Company to ship to Atlanta, and have no cause of action against the Southern Express Company on contract: So. Ex. Co. *vs.* Shea, 38 Ga. R., 519; Cohen & Menko *vs.* So. Ex. Co., 45 Ga. R., 148; So. Ex. Co. *vs.* Palmer & Co. 48 Ga. R., 85.

3d. There was no *wrongful* taking by defendant. Plaintiffs intended that the Adams should deliver to defendant to be sent to them: So. Ex. Co. *vs.* Palmer & Co., 48 Ga. R., 85—93 *et seq.*, and same case unpublished. There was no conversion: Liptrot vs. Holmes 1 Kelly, 391. There was no demand and refusal: The Rome R. R. Co., *vs.* Sullivan, Cabot & Co., 14 Ga. R., 283, 284: See also Brown's Actions at Law, side page 443, and cases cited. 1 Campbell's R., 441; 2 Saund. R., 47

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant as a common carrier, alleging that on the 26th of October, 1865, in the city of Savannah, Georgia, they caused to be delivered to the defendant certain described goods, of the value of $4,000 00; that the defendant then and there accepted and received said goods from the plaintiffs, to be safely carried and conveyed by defendant from said city of Savannah to the city of Atlanta for a certain reasonable reward; that the defendant, neglecting its duty as such common carrier, so negligently and carelessly demeaned itself in the premises that said goods were wholly lost to the plaintiffs, to their damage as aforesaid. It also appears from the record that the plaintiffs had commenced a former action against the defendant to recover damages for the loss of the same goods now sued for, on the trial of which the plaintiffs were non-suited; thereupon, the plaintiffs sued out their writ of error to this court within the time prescribed by law, and on the hearing thereof

here, the judgment of the superior court awarding the non-suit was affirmed, and the judgment of affirmance by this court was made the judgment of the court below on the 8th of April, 1872. The present action was commenced within six months after the judgment of this court affirming the judgment of non-suit was made the judgment of the court below, but not within six months from the time the non-suit was first awarded in the superior court. The defendant pleaded the statute of limitations in bar of the plaintiffs' action. After hearing the evidence in the case, the court, on motion of defendant's counsel, non-suited the plaintiffs, but on what ground, does not appear; whereupon, the plaintiffs excepted.

1. The evidence in the record shows that the goods were in the possession of defendant, and that the same were lost, or greatly damaged, whilst in its possession. The defendant demanded of plaintiffs $68 00 for freight on the goods, and general average. The plaintiffs also proved their ownership of the goods, the loss of a part thereof, and damaged condition of the remainder. It also appeared that the plaintiffs had purchased the goods in New York city, and ordered the same to be shipped to them at Atlanta by Adams Express Company, expecting the goods would be sent by the inland route, by Lynchburg. The judgment of non-suit, it is insisted here, was right, on two grounds: 1st. According to the rulings of this court in Shea's case, 38 *Georgia Reports*, 519, and in the case of *Cohen & Menko vs. The Southern Express Company*, 45 *Ibid.*, 148; and, 2d. Because the plaintiffs' demand was barred by the statute of limitations. In Shea's case, the plaintiff sued the Southern Express Company for the loss of his goods under its common law liability as a common carrier, and on the trial proved an express contract made with the Adams Express Company, a distinct corporation, to transport the same goods from New York to Macon, the point of destination, for the purpose of establishing the defendant's liability for the loss of the goods. This court held that the plaintiff could not establish the defendant's liability as a common carrier, on its contract implied by law, by offering in evi-

Cohen & Menko vs. The Southern Express Company.

dence an express contract made with another company for the transportation and safe delivery of the same goods, any more than if the plaintiff had sued John Doe on his implied contract as a common carrier for the loss of his goods, and had proved at the trial that he had made an express contract with Richard Roe for the transportation and safe delivery of the same goods. The express contract offered in evidence by the plaintiff to sustain his action against the defendant in that case, established the liability of the Adams Express Company to him for the safe delivery of the goods at the point of destination, and not the liability of the Southern Express Company under that evidence. It was held by this court that by the contract offered in evidence by the plaintiff in that case, that the Adams Express Company, as a common carrier, undertook safely to deliver his goods at Macon, either by itself or competent agents. The Adams Express Company had the right to select the Southern Express Company as its agent to complete the transportation of the goods, or any other agent, and if the goods were lost whilst in the possession of such agent, the Adams Express Company would be liable for such loss, under its contract with the plaintiff, as proved by his own evidence on that trial, and such was substantially the holding of this court in the Shea case, and such was, in substance, the ruling of the court in this case when it was before us on a former occasion. The plaintiffs then, as in the Shea case, offered in evidence the express contract made with the Adams Express Company to establish their right to recover in their suit against the defendant, and for that reason this court sustained the non-suit in that case, holding, as in the Shea case, the plaintiffs could not recover when they had sued the defendant upon its common law liability as a common carrier, for loss of the plaintiff's goods, when they offered in evidence to establish that liability an express contract made with another company for the transportation and safe delivery of the same goods. The plaintiffs in the former suit declared upon one contract made with the defendant, and to establish it offered in evidence an express contract made with the Adams Ex-

press Company, a distinct corporation, for the transportation and safe delivery of the same goods. This court never has decided that the defendant would not have been liable to the owners of the goods received by it at Savannah as a common carrier, upon proof of possession of the goods as such common carrier, and loss of the same whilst in its possession for transportation, either as the agent of the Adams Express Company or as the agent of any other company, in the absence of any evidence on the part of the plaintiffs of an express contract with another company to transport and safely deliver the same goods for which they sued the defendant. All that this court decided in the two cases cited was, that the plaintiffs could not recover against the defendant on the evidence then offered by them to establish its liability. It is a general principle applicable to common carriers, that when a duty is imposed on them by law, an action may be sustained against them by any person who is specially injured by their failure to perform that duty. The evidence in this case shows that the defendant had the possession of the plaintiffs' goods, as a common carrier, to transport the same from Savannah to Atlanta. The law imposed the duty upon the defendant to transport and safely deliver the same to the plaintiffs, which the evidence shows it failed to do, and, therefore, under the law and evidence in the case, the plaintiffs were entitled to recover damages from the defendant for the loss of their goods. The plaintiffs did not offer in evidence in this case any express contract made by them with any other company for the transportation and safe delivery of their goods, as in the Shea case, or as was done by them on the first trial of this case, and therefore the judgment of non-suit cannot be sustained by the decisions of this court, on the statement of facts contained in this record.

By a careful examination of the facts as disclosed by the plaintiffs' evidence in the Shea case, and in Cohen & Menko's case, and the judgments of this court thereon, it will be perceived that it was held in both cases that the plaintiffs could not recover of the defendant, because, in each case, the plaintiffs showed, by their own evidence, that they had made an ex-

press contract with another company for the transportation and safe delivery of the same goods. Assuming that the contract for the transportation and safe delivery of' the goods was made with the Adams Express Company, as the evidence offered by the plaintiff in the Shea case· showed it to have been, the court expressed its opinion as to the liability of that company, under that contract, as ·proved by the plaintiff in that case. The court expressed no opinion, as to what would have been the liability of the defendant, as a common carrier, to the plaintiff for its undertaking to transport and safely·deliver his goods from Savannah to Macon as the agent of the Adams Express Company, or as the agent of any other company, in the absence of the plaintiff's own evidence as to the express contract made with the Adams Express Company for the transportation and safe delivery of the same goods for which he sued the defendant.

2. Whether the defendant can protect itself from its common law liability as a common carrier for the loss of the plaintiffs' goods, by showing that it received them under a contract made with another company, or as the agent of another company, or whether the plaintiffs had the right to elect to sue either company for the loss of their goods, are questions that are not now before us.

3. Was the plaintiffs' second action commenced within six months after the judgment of non-suit, as contemplated by the 2932d section of the Code? It is declared by that section that if a plaintiff shall be non-suited, or shall discontinue, or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case. Did the six months commence to run against the plaintiffs in this case from the time the judgment of non-suit was first awarded in the superior court, or from the time the judgment of this court upon the writ of error was made the judgment of the court below? The statute evidently contemplates that the judgment of non-suit should be a *final* judgment, otherwise the plaintiffs' case would not be out of court. What is a final judgment? ·Final

iudgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for: 3 Blackstone's Commentaries, 398. When the judgment of non-suit was awarded by the court, the plaintiffs excepted to that judgment within the time prescribed by law, and brought the case before this court for a further hearing, as they had the legal right to do. Until the judgment of this court was rendered upon the writ of error, affirming the judgment of the court below, and made the final judgment of that court, the case was pending, and if the judgment of non-suit had been reversed, the case would have continued pending in the court. The judgment of non-suit, was not *final* in the sense of the law, until the judgment of this court, affirming the judgment of the court below, was made the judgment of that court, and the six months commenced running against the plaintiffs from that time, and not before. In our judgment, in view of the facts contained in the record, the court erred in non-suiting the plaintiffs' case.

Let the judgment of the court below be reversed.