JOHNSON & SHAHAN *v.* EAST TENN., VA. & GA. R. CO.

1. "The duty of common carriers with respect to the transportation of persons or property is a duty independent of contract, arising by implication of law from the fact that persons or property are received in the course of the business of such employment."
2. Hence, where a railroad company receives goods on a contract made with the owner or his agent, to carry them to their destination beyond the terminus of that company's line, and while in the course of transportation they come into the hands of a connecting railroad company by whose negligence there is unreasonable delay in delivering them at destination, the latter is liable in an action of tort for the delay, although there be no contract relations between the two companies nor any contract between the owner of the goods and the company causing the damage.
3. "The sayings of the agents of a railroad company are admissible and will bind the company only when made in the particular business entrusted to them, and while engaged in that business."
4. Hence, to authorize the introduction in evidence of telegrams from one agent of a company to another about the loss of certain goods which the company had received for transportation, it must appear that the agent who sent the telegram or the one who re-

ceived it and gave it currency was the agent at the point to which the goods were consigned, or to which they were actually sent, while in the course of transportation, or that it was within the scope of his duties to investigate the loss or to ascertain the time when the goods were received by the company. No such proof being made as to the business of the agent, it was error to admit telegrams and letters sent by him to another agent of the company, and received by the latter and by him communicated to the plaintiffs.

5. It was error to admit letters purporting to be written by an agent of the company, one addressed to plaintiffs, and others addressed to other agents of the company, without proof of their execution together with the fact of agency, and that the admissions made therein were touching matters within the scope of the agent's duty.

6. Letters purporting to be written to the plaintiffs by the vendors of the lost goods, stating the cost thereof, were irrelevant and inadmissible.

7. Where a common carrier receives goods for transportation and is sued for delay in delivering them, it is error to charge that the carrier is bound to extraordinary diligence as to the time of transportation. Ordinary and reasonable diligence is the rule.

8. Where the plaintiff seeks to recover expenses of litigation, under section 2942 of the code, the amount is not a matter of discretion with the jury, but must be proved, the discretion contemplated by the statute being as to the allowance of any amount whatever.

9. Where a plaintiff brought an action against a railroad company upon an express contract made between him and another company, and dismissed that action after an adjudication by this court that he could not recover therein, the result of that action is no bar to a subsequent suit against the same company founded upon tort, for unreasonable delay in delivering goods which it had received for transportation from a connecting road, although the goods were the same as those involved in the former action.

February 27, 1893.

Carriers. Torts. Contracts. Railroads. Negligence. Evidence. Agency. Damages. Practice. Estoppel. Before W. J. NEEL, judge *pro hac vice*. City court of Floyd county. March term, 1892.

REECE & DENNY, for plaintiffs.

McCUTCHEN & SHUMATE and WRIGHT & HARRIS, for defendant.

SIMMONS, Justice.

The plaintiffs in error brought their action against the defendant in error, alleging, in substance, that they had purchased a certain quantity of fertilizers in Charleston, South Carolina, and shipped them over certain railroads to be delivered at Skellie's, a station on the line of the defendant, eighty-five miles from the point at which it received them from a connecting road on the 20th of March; that it was the duty of the defendant as a common carrier to deliver the goods within a reasonable time from its reception of them, but that by its carelessness and negligence the goods were not delivered until the 25th of April; and that by this unreasonable delay the goods were damaged, etc. The trial resulted in a verdict for the plaintiffs. The defendants made a motion for a new trial on the several grounds stated therein, and the trial judge granted it upon the ground that "the plaintiffs having shown by their pleadings and evidence that a special contract was made with the South Carolina Railroad Company for the transportation and delivery of the fertilizers in controversy to Skellie's Station on the E. T., Va. & Ga. Railway, they cannot, under the decisions of the Supreme Court of Georgia, recover against the defendant company." The plaintiffs excepted and brought this ruling here for review.

The court erred in granting a new trial upon the ground stated. This court has never held, so far as we can ascertain, that a railroad company sued as a common carrier is not liable in tort when it receives goods for transportation, with the consent of the owner, in due course of its business, and they are damaged by the wrongful act or omission of the railroad company. When a railroad company is sued as a common carrier, for its own wrongful acts resulting in damage to the owner, it is not necessary to show a contract with it in

order to recover damages for the wrong. "The duty of common carriers with respect to the transportation of persons or property is a duty independent of contract, arising from public policy by implication of law from the fact that persons or property are received in the course of the business of such employments. Nor do the obligations and liabilities of a common carrier depend upon statute." Ray on Passenger Carriers, p. 19, and authorities cited. The law imposes upon a common carrier when he receives goods for carriage the duty of transporting them safely and within a reasonable time. This duty does not in every instance arise from contract, and if it is violated, the owner of the goods may sue and recover damages from the carrier whose negligence has caused the loss. This is true although the carrier may have received the goods from a connecting carrier who had made an express contract to transport them to their destination. It is the violation of its public duty in not delivering the goods safely and within a reasonable time which gives the right of action, and not the breach of a contract, when the injured party elects to bring an action for the tort.

The decisions in the cases of *Southern Express Company* v. *Shea*, 38 *Ga.* 519, and *Mosher* v. *Express Company*, *Id.* 37, relied upon by counsel for the defendant in error, were based solely upon the effect of a contract. They overlooked the elements of pure tort as a ground of liability on the part of the common carrier for his own acts or omissions. In the case of *Cohen* v. *Express Company*, 53 *Ga.* 128, the court took note of this element and recognized it as a basis of liability independently of contract. WARNER, C. J., who wrote the opinion in the case first cited, says in *Cohen's* case that "it is a general principle applicable to common carriers, that when a duty is imposed upon them by law, an action may be sustained against them by any person

who is specially injured by their failure to perform that duty." It is true that he adhered to his own individual reason for the decision in the *Shea* case, and assented in the *Cohen* case to a substantially different result, on the ground that Cohen did not introduce any express contract with another carrier; but this reason is not imputable to his associates, as will appear by reference to what McCay, J., said in the case of *Express Co.* v. *Urquhart,* 52 *Ga.* 144. The reason given by WARNER, C. J., in the *Cohen* case and *Urquhart* case, that there was no express contract put in evidence by the plaintiffs, and therefore they were entitled to recover, is not satisfactory to us. It seems to us that in a case where the plaintiff elects to sue in tort, he should not be barred of a recovery if he inadvertently introduces a contract with another carrier, or introduces it by way of inducement for the purpose of showing in what manner the defendant carrier obtained possession of the goods. It is contrary to sound principle and practice to defeat a plaintiff's action because, in addition to the tort of which he complains, he has superfluously alleged and proved a contract with another company, which, though really made, was not necessary to his case. When this case was here before (85 *Ga.* 497), the plaintiffs had nothing to rest upon but this contract and its breach. It did not appear then that the defendant company had not performed its full duty as a common carrier, although it did appear that the contract had been broken. It was shown then that the goods were not delivered in time, but it did not appear that it was the fault of the defendant company; and the suit being based upon the contract made with the initial company, we held that the plaintiffs could not recover in that action. The suit upon the contract having been dismissed, and the present suit brought for the tort, we hold that the plaintiffs can recover if they show the defendant to have been in

possession of the goods, and that there was unreasonable delay in delivering them, and that they were damaged thereby.

2. The court having granted the motion for a new trial upon a special ground, the defendant company filed a cross-bill of exceptions, assigning error because the court refused the motion upon the other grounds set forth therein. As some of these grounds were well taken and consequently the case is to be tried again, it becomes our duty to pass upon such of the alleged errors assigned in the cross-bill as are material and necessary to aid the trial judge when the case is so tried. The first of the errors assigned is, that the court admitted in evidence, over the objection of the defendant, the testimony of one of the plaintiffs, that he had seen a telegram from one Griffin to Graves, the defendant's agent at Rome, which stated that the fertilizers were received by the defendant in Atlanta on March 20th. There was no proof as to whether Griffin was the agent of the defendant company or not, or if he was the agent, that it was within the scope of his duties to investigate the loss of the goods, or to ascertain the time when they were received by the company. While there was proof that Graves was the agent of the company, he was not the agent at the station to which the goods were consigned, or at which they were actually received. He was the agent at Rome, to which station the goods were not consigned; nor were they actually sent there until sent for sale as unclaimed goods. The court therefore erred in admitting this testimony. *Evans* v. *Railroad Company*, 56 *Ga.* 498.

3. Certain letters from one Tipton were admitted in evidence over the objection of the defendant. These letters were written on the letter-heads of the defendant company, and were signed by Tipton as agent, and the contents thereof were concerning the loss of the fertil-

izers. One of them was addressed to the plaintiffs, and others were addressed to other agents of the company. But there was no proof offered by the plaintiffs to show that Tipton was really an agent of the company, or if he was, that he signed the letters, or that the admissions or declarations made therein were within the scope of his duties as such agent. It was therefore error to admit them without this preliminary proof.

4. The plaintiffs in their declaration alleged that the defendant had been stubbornly litigious and had caused them unnecessary trouble and expense, and had acted in bad faith with them, to their great cost and damage in attorney's fees and other expenses, to the sum of one hundred dollars. Upon this allegation and some proof as to expenses, the court charged the jury, in substance, that if the allegations were true, plaintiffs could recover from defendant " whatever amount in your discretion they were damaged thereby." The code, §2942, says that a jury may allow, as part of the damages, the *expenses* of litigation whenever the defendant has acted in the manner set out in this allegation. But the amount of such expenses is not a matter of discretion with the jury, as the court charged. The discretion allowed them in this section is not as to the amount, but as to whether, from all the facts and circumstances disclosed on the trial, they will allow any expenses of litigation at all. If they are allowed, the amount thereof must be proved by testimony.

5. The other grounds of error made in the cross-bill are fully covered by the head-notes thereon, and do not need further elaboration in this opinion.

*Judgment reversed.*