## MILLER *et al. v.* GAY *et al.*

The plaintiff in a judgment obtained in a justice's court which has been carried by *certiorari* to the superior court, does not place himself in contempt of the latter court by suing out a garnishment upon that judgment during the pendency of the *certiorari*.

June 8, 1896. By two Justices. Argued at the last term.

Rule for contempt.    Before Judge Butt.    Muscogee superior court.    May term, 1895.

*Miller, Wynn & Miller,* for plaintiffs in error.
*J. L. Owen* and *C. J. Thornton,* contra.

LUMPKIN, Justice.

In the case of *Herrington* v. *Block, ante,* 236, this court held that where the validity of a judgment for money rendered in a lower court was directly involved in a *certiorari* pending in the superior court, it was within the power of the judge of the latter court to pass an order directing the sheriff to suspend all further proceedings upon an execution issued upon the judgment under review.    A disregard by the sheriff of such order would, of course, put him in contempt of the superior court.

The case now in hand is of an altogether different character.    In it, it appears that the plaintiffs, in an action

brought in a justice's court, obtained a judgment which the defendants in that action carried to the superior court by *certiorari*. While the *certiorari* was pending, the plaintiffs in the original action sued out a garnishment based upon the judgment they had obtained in the justice's court, and thereupon the plaintiffs in *certiorari* obtained from the judge of the superior court a summary attachment for contempt against the justice of the peace who issued the garnishment, and against the parties at whose instance this process was sued out. At the hearing, the judge of the superior court discharged the justice, but ordered the other respondents committed to jail.

We can find neither law nor precedent to sustain such a proceeding. It does not appear that any execution was issued upon the judgment rendered in the justice's court, or that any effort to proceed with that judgment was made. The mere suing out of a garnishment was no violation of the *supersedeas* resulting from the issuing of the writ of *certiorari*. Indeed, a garnishment may be sued out upon a pending action in which no judgment at all has been rendered; and in any event, the garnishment bond affords sufficient protection to the opposite party. The proceeding for contempt was totally unauthorized.

*Judgment reversed.*