## PEOPLES BANK OF TALBOTTON. *v.* MERCHANTS & MECHANICS BANK OF COLUMBUS.

Where two distinct cases, having different parties plaintiff and supposed to involve the same issues of law and fact, were pending against the same defendant, in the same court, at the same time, and the parties to the second one of such cases entered into a written agreement to the effect that the verdict and decree to be rendered after trial in the first should control and govern the second case, and, when the first should be decided, a verdict and decree should be rendered in the second in accordance therewith, and in the meantime the second case, which was the subject-matter of the agreement, should stand continued; and that agreement was approved by the judge and entered on the minutes of the court, *held:*

1. That the verdict and decree contemplated by the agreement is the final verdict and decree to be rendered in the case.

2. That a judgment rendered in such a case can not be treated as final, so long as either of the parties thereto had the right to have the same reviewed by a writ of error.

3. That the trial judge erred when, at a term of the court at which a verdict and judgment was rendered in the first case, and within the time in which

the parties to such judgment had the right to apply for a new trial and to sue out a writ of error seeking a reversal, he rendered a judgment for the plaintiff in the second case, over the objection of the defendant.

Argued June 26, — Decided August 9, 1902.

Equitable petition.    Before Judge Butt.    Talbot superior court. September 19, 1901.

*Persons & McGehee* and *J. H. Martin*, for plaintiff in error. *Hatcher & Carson*, contra.

LITTLE, J.    The Exchange Bank of Macon and the Merchants & Mechanics Bank of Columbus each separately instituted an equitable petition in the superior court of Talbot county against the Peoples Bank of Talbotton, in each of which cases the petitioners sought to require the latter bank to transfer on its books certain certificates of its stock to each of petitioners, and to issue new certificates on the shares of stock so to be transferred.    The case of the Exchange Bank had been returned to the September term of the court, and that of the Merchants & Mechanics Bank to the following March term.    The case of the Exchange Bank was, by consent of parties, referred, by order of court, to G. Y. Tigner as auditor, to hear the same and report his finding to the next term of the court.    Thereupon counsel for the Merchants & Mechanics Bank entered into a written agreement with counsel for the Peoples Bank, which was as follows :    " Whereas there is a certain equitable petition in favor of the Exchange Bank of Macon against the Peoples Bank of Talbotton, being a petition asking that deft. be decreed to transfer to plff. certain bank stock therein described ; and which suit has been referred to G. Y. Tigner as auditor to report to the next term of this court :    It is hereby agreed between counsel in above-stated case that the verdict and decree in said case of Exchange Bank shall control and govern in the case of the Merchants & Mechanics Bank, and that, when decided, a verdict and decree shall be rendered in accordance therewith, and in the meantime said case shall stand continued."    The agreement was approved by the judge and entered on the minutes of the court.    The auditor heard the Exchange Bank case, and before the next term of the court filed his report therein.    To this report the Exchange Bank filed exceptions both of law and of fact, which came on to be heard, and before the same were passed on, counsel for the Mer-

chants & Mechanics Bank presented a decree in its favor, already prepared, requiring the defendant to transfer to it the shares of stock which were the subject-matter of its petition, and moved the court to sign the same. Counsel for the Peoples Bank objected to the rendition of this decree, on the grounds, that it would be in violation of the written agreement entered into by the respective parties; and that the proposed decree was not based or predicated upon a judgment or decree in the case of the Exchange Bank, but was independent thereof. Thereupon counsel for the Merchants & Mechanics Bank read to the court a part of the finding of the auditor, which had been made in the Exchange Bank case, and also read to the court a part of the evidence of one of the witnesses who testified before the auditor in that case. Subsequently the judge passed on the exceptions to the report of the auditor in the case of the Exchange Bank and entered a decree in that case in favor of the Exchange Bank against the Peoples Bank, and overruled the objections made by counsel for the defendant against the granting of a decree in favor of the Merchants & Mechanics Bank, and entered up a decree in its favor as prayed for. In this decree, after reciting certain evidence given by a witness on the hearing before the auditor in that case, the further recital is made: "And said ruling being unexcepted to, the premises considered, the petition of plff., the answer of deft., and report of the auditor being duly considered, and it appearing that defendant received, on its indebtedness due to it by Estes, the proceeds of the loan by the plaintiff and had knowledge of the transfer, it is ordered, adjudged, and decreed that the deft., its president, directors, and agents do accept from the plff. the stock issued to . . Estes and transferred to plaintiff, and to issue and deliver to it a new certificate for ten shares as by law provided; and upon default, the legal title is hereby decreed to be in the plaintiff in and to the stock transferred to it as aforesaid and described in its petition." To the rendition of this decree the Peoples Bank excepted.

There were two good reasons why this decree should not have been rendered. First, it was prevented by the agreement which had, before that time, been entered into by the parties and approved by the court. When properly construed, that agreement will be found to mean that the case of the Merchants & Mechanics Bank against the Peoples Bank was never to be tried at all, but

that it should be governed and controlled by the decree to be rendered in the case of the Exchange Bank against the Peoples Bank. This certainly did not mean that it was to be governed and controlled by a decree that might thereafter be set aside. The decree contemplated was evidently the final decree in that case — that action of the court which definitely and finally fixed the rights of the parties; and it was not until such a decree had been rendered that the Merchants & Mechanics Bank was, under their agreement, entitled to any further action in its case. If the final decree was in favor of the Exchange Bank, then the Merchants & Mechanics Bank was entitled to a decree against the Peoples Bank for the transfer of the stock claimed by the Merchants & Mechanics Bank. If this final decree was adverse to the Exchange Bank, then the Merchants & Mechanics Bank would not be entitled to any decree in its favor. Suppose a decree had been rendered in favor of the Peoples Bank against the Exchange Bank, and the latter had by writ of error reversed the judgment and thereafter secured a decree in its favor. Would the rights of the Merchants & Mechanics Bank have been settled by that first or by the final decree? Evidently the spirit of the agreement would not have been carried out by having the rights of the Merchants & Mechanics Bank settled by a decree which was thereafter set aside and reversed. A decree which controls and governs is a final decree, and no judgment or decree can, under our system, be said to be final until the time prescribed by law in which a motion for a new trial may be made, or a writ of error seeking to set aside such a judgment has expired. It was only when a final decree had been rendered in the Exchange Bank case, that a decree could have been rendered under the agreement in the Merchants & Mechanics Bank case.

The second reason why the decree complained of in the present case should not have been rendered is, that it is based in terms upon a finding of the auditor in the Exchange Bank case, as appears in his report, and on the evidence of one of the witnesses who testified on the hearing of that case before the auditor. In our judgment neither the report of the auditor in the Exchange Bank case nor the evidence of any witness on the hearing of that case before the auditor had anything to do with a rendition of a decree in the Merchants & Mechanics Bank case. That case had

been continued indefinitely by agreement, and by order of the court, until the verdict and decree in the Exchange Bank case had been finally rendered. When such final decree had been rendered, then the Merchants & Mechanics Bank was entitled to have a decree and judgment rendered in exact accordance with the final judgment and decree rendered in the Exchange Bank case.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*