## 16502. CARROLLTON BANK v. GLASS.

STEPHENS, J. 1. A suit is pending, in the sense of section 5265 of the Civil Code (1910), relative to the grounds for the issuance of garnishment proceedings, although a judgment may in fact have been rendered in the suit, when there still remains a legal possibility that the judgment may be reversed and that the defendant may ultimately prevail, as when a bill of exceptions to the judgment has been tendered and certified by the trial judge and has been filed with the clerk of the Court of Appeals. See Bode v. Welch, 29 Ohio St. 19, 22; Brown v. Foss, 16 Me. 257.

2. The affidavit for garnishment is amendable by striking therefrom the words "for which judgment has been obtained," and inserting in lieu thereof the words "for which suit is now pending." Civil Code (1910), § 5706. Such amendment does not set out a new cause of action. *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602).

3. The bond executed by an applicant for garnishment, as required under section 5268 of the Civil Code (1910), is amendable. Civil Code (1910), § 5707; *Janes* v. *Tomlinson*, 30 *Ga.* 540. Where neither the obligations of the sureties are altered nor the rights of the opposite party prejudiced, such bond may be amended in any manner to conform to the requirements of the statute, without the consent of the sureties. *Gittens* v. *Whelchel*, 12 *Ga. App.* 141 (76 S. E. 1051). Such bond, therefore, is amendable, without the consent of the sureties, by striking therefrom the words, "or it should appear that the amount sworn to be due on such judgment is not due," and inserting in lieu thereof the words "the plaintiff fails to recover in said suit pending."

4. Where a plaintiff instituted process of garnishment upon the ground that a judgment had been obtained against the defendant, but where the judgment had been excepted to and the bill of exceptions had been filed in the Court of Appeals, it was error for the trial judge, after the Court of Appeals had reversed the judgment, to refuse to allow the plaintiff in garnishment to amend the affidavit and bond in a manner to conform to the statutory requirements for the issuance of garnishment upon a suit pending, and thereafter sustain the defendant's motion to dismiss the garnishment upon the ground that since the reversal of the judgment upon which it was issued there appeared no foundation in fact for the issuance of the garnishment.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.

Levy and claim; from city court of Carrollton—Judge Hood. April 23, 1925.

*Willis Smith, Boykin & Boykin,* for plaintiff.

*E. M. Smith, R. D. Jackson,* contra.

Garnishment, 28 C. J. p. 37, n. 69; p. 214, n. 72; p. 217, n. 21.