26916. DAVISON-PAXON CO. *v.* HUME.

DECIDED OCTOBER 24, 1938. REHEARING DENIED DECEMBER 8, 1938.

*Houston White,* for plaintiff. *George F. Fielding,* for defendant.

SUTTON, J. Davison-Paxon Company obtained a judgment against W. W. Hume in the municipal court of Atlanta, and on appeal to the appellate division of that court the judgment was affirmed. Thereupon Hume sued out a writ of error to this court, obtaining a supersedeas by filing a pauper affidavit in proper form as provided in Code, § 6-1002 (2). It further appears that the trial judge, on the date the affidavit was filed, passed an order directing the clerk and the marshal of the court to wholly cease from any further proceedings whatsoever in said cause. While the writ of error was pending in this court the plaintiff sued out process of garnishment and caused summons to be issued to the

employer of Hume. Hume filed a written motion to dismiss the garnishment proceeding on the ground that the judgment in the main case had been superseded and that the judgment therein was not a final judgment. The court dismissed the proceeding, overruled a motion for new trial, which judgment was affirmed by the appellate division of the municipal court, and the respondent excepted. It is conceded by both parties that the only issue is whether or not a final judgment had been obtained in the main case.

By an act of the legislature (Ga. L. 1933, p. 35), section 5265 of the Code of 1910 relating to garnishment was amended so as to provide that no garnishment shall issue against the daily, weekly, or monthly wages of any person in this State until after final judgment has been obtained in the main suit. The law, including the amendment, now appears as § 46-101 of the Code of 1933. "A suit is pending in the sense of section 5265 of the Civil Code (1910) [§ 46-101 of the Code of 1933], relative to the grounds for the issuance of garnishment proceedings, although a judgment may in fact have been rendered in the suit, when there still remains a legal possibility that the judgment may be reversed and that the defendant may ultimately prevail, as when a bill of exceptions to the judgment has been tendered and certified by the trial judge and has been filed with the clerk of the Court of Appeals." *Carrollton Bank* v. *Glass, 35 Ga. App.* 89 (1) (132 S. E. 238).

Inasmuch as the main suit was pending, because it had been taken by writ of error to this court, the judgment obtained in the trial court was not such a final judgment as would authorize the issuance of garnishment against the daily, weekly, or monthly wages of the defendant, a wage earner, and the court properly sustained the motion to dismiss the garnishment proceeding.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. A supersedeas, where a judgment has been excepted to, operates only as a suspension of the enforcement of the judgment against the defendant. *Miller* v. *Gay,* 98 *Ga.* 536 (25 S. E. 577). See also *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574). The issuance of a supersedeas suspending the enforcement of a judgment does not operate to change the character of the judgment as an adjudication by a legal tribunal that

the defendant is indebted to or obligated to the plaintiff. Garnishment may issue on the judgment. *Miller* v. *Gay,* supra.

Before the passage of the act of 1933 (Ga. L. 1933 p. 35), as codified in the Code, § 46-101, which provides that "no garnishment shall issue against the daily, weekly or monthly wages of any person residing in this State until after final judgment shall have been had against said defendant," process of garnishment could issue in any case where a suit was pending or where a judgment had been obtained. The evil sought to be remedied by the act of 1933 was that of the issuance of garnishments for the purpose of catching or impounding wages of employees before any adjudication by a court that the employee was indebted to the plaintiff. A judgment which has been obtained against the defendant adjudicates his indebtedness to the plaintiff. It is a final judgment, and such finality is not affected by the issuance of any supersedeas suspending the enforcement of the judgment, or by any exceptions filed seeking to review the judgment. As to what constitutes a final judgment see *Louisville & Nashville Railroad Co.* v. *Lovelace,* 24 *Ga. App.* 616 (101 S. E. 718).

While it was stated by this court in *Carrollton Bank* v. *Glass,* 35 *Ga. App.* 89 (132 S. E. 238), that where a bill of exceptions in which a judgment of a trial court has been excepted to has been certified by the trial judge and filed with the clerk of the Court of Appeals, a suit is pending in the sense of the law as codified in the Code, § 46-101, wherein it is provided that process of garnishment may issue "where suit shall be pending or where judgment shall have been obtained," it appeared that the judgment of the trial court on which the garnishment had issued had been reversed by the Court of Appeals, and that after such reversal the plaintiff could amend the affidavit of garnishment by striking therefrom the words "for which judgment had been obtained" and insert in lieu thereof the words "for which suit is now pending."

I am of the opinion that the garnishment was issued after the rendition of a final judgment, and that the court erred in sustaining the motion to dismiss the garnishment proceedings. I therefore dissent from the judgment of affirmance.

ON MOTION FOR REHEARING.

SUTTON, J. Counsel for the plaintiff in error contends in a motion for rehearing that this court has misconstrued the term

"final judgment" of the garnishment law, as contained in Code, § 46-101, in holding that a judgment rendered in the trial court, from which an appeal is pending in this court, is not such a final judgment as to authorize the issuance of a garnishment against the daily, weekly, or monthly wages of a wage earner. We can not agree with this contention. Had the legislature by amending the garnishment law in 1933 (Ga. L. 1933, p. 35), intended that a garnishment could issue against the wages of a wage earner when a judgment was rendered against him in the trial court, we think that only the term "judgment" would have been used instead of the term "final judgment." A judgment can not be said to be a "final judgment" until the time prescribed by law in which a motion for new trial may be made, or a writ of error seeking to set aside such judgment, has expired. In *Cohen* v. *Southern Express Co., 53 Ga.* 128, 133, it was said: "The statute evidently contemplates that the judgment of nonsuit should be a *final* judgment, otherwise the plaintiffs' case would not be out of court. What is a final judgment? Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for: 3 Blackstone's Commentaries, 398. When the judgment of nonsuit was awarded by the court, the plaintiffs excepted to that judgment within the time prescribed by law, and brought the case before this court for a further hearing, as they had the legal right to do. Until the judgment of this court was rendered upon the writ of error, affirming the judgment of the court below, and made the final judgment of that court, the case was pending, and if the judgment of nonsuit had been reversed, the case would have continued pending in the court. The judgment of nonsuit was not *final* in the sense of the law, until the judgment of this court, affirming the judgment of the court below, was made the judgment of that court, and the six months commenced running against the plaintiffs from that time, and not before." In *Peoples Bank* v. *Merchants Bank, 116 Ga.* 279, 282 (42 S. E. 490), it was said: "A decree which controls and governs is a final decree, and no judgment or decree can, under our system, be said to be final until the time prescribed by law in which a motion for a new trial may be made, or a writ or error seeking to set aside such a judgment has expired." Plaintiff in error contends that our construction of this law may work

a great injustice on plaintiffs desiring to avail themselves of the process of garnishment against the wages of a wage earner under Code, § 46-101. It equally could be said that if the phrase "final judgment" were construed as contended for by the plaintiff in error, that also might work an injustice on a defendant. For instance, suppose a judgment is rendered against a wage earner, and the judgment on appeal is reversed. Would it be right for the process of garnishment to be issued against him in the interim and hold up his wages or possibly cause him to lose his job? We think not. In the final termination of the case he might prevail. The majority of the court, in deciding this case, has followed the language of the legislature as written into the amendment to the garnishment law. That language is plain and unambiguous, and under the construction of the Supreme Court as to the meaning of the term "final judgment" there should be no doubt as to its meaning and the intention of the legislature in the enactment of such amendment. If this law should work an injustice to any one, the remedy, as we see it, is by legislative enactment and not by judicial construction. The motion for rehearing is denied.

*Felton, J., concurs. Stephens, P. J., dissents.*