## 39976. SEABOARD AIR LINE RAILROAD COMPANY v. WHITMAN, Judge.

DECIDED FEBRUARY 13, 1963—REHEARING DENIED FEBRUARY 20, 1963.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington,* for petitioner.

*George P. Whitman, Sr.,* respondent.

*Sam D. Hewlett, Jr.,* amicus curiae.

CARLISLE, Presiding Judge. This is a petition for mandamus to compel a Judge of the Superior Court of Fulton County to certify a bill of exceptions which was tendered to him within the time required by law. It appears from the admitted facts that a verdict was returned for the petitioner in a suit brought against it under the Federal Employers' Liability Act. Judgment was entered thereon, and thereafter the plaintiff made a motion for a new trial on the general grounds and on several special grounds. On November 29, 1962, the respondent passed an order granting said motion for new trial on two of the special grounds. On December 20, 1962, the petitioner tendered a bill of exceptions to the trial judge assigning error on the grant of the new trial. In a written order signed by the judge declining and refusing certification of the bill of exceptions, it was recited that the case had been dismissed by counsel for the plaintiff on December 10, 1962, and so marked by the clerk upon payment of the costs in full and without any formal order by the court. The question thus presented by this petition for mandamus is whether a plaintiff, after having secured the grant of a new trial, can, in any case, preclude the defendant from having an appellate review of the correctness of such grant by dismissing the

case before time has expired for the defendant to tender a bill of exceptions complaining of the grant of the new trial. We have concluded that the answer to this question is in the negative; that the plaintiff cannot deny the defendant this right.

A plaintiff may dismiss his action either in vacation or in term time "if he shall not thereby prejudice any right of the defendant." *Code* § 3-510. While it is well established under the foregoing Code section that a plaintiff may dismiss his action after the defendant has filed an answer which is purely defensive in its nature and seeks no affirmative relief over against the plaintiff, the cases which so hold have considered the matter only with relation to the nature of the answer filed by the defendant while the case was still in its initial pleading stage and with relation to nothing else. Those cases are not, therefore, in point in this case, which involves the right to dismiss after trial, and we shall not further refer to them. As to the status in which this case was presented to the trial court, it is equally well established that a plaintiff may not dismiss his action after the verdict is published or after he has knowledge that the jury has agreed on a verdict for the defendant even though such verdict be not yet published. *Merchants Bank of Macon v. Rawls*, 7 Ga. 191, 199 (4) (50 AD 394); *Brunswick Grocery Co. v. Brunswick &c. R. Co.*, 106 Ga. 270, 272 (1) (32 SE 92). This was the status of this case at the time the plaintiff sought to dismiss, even though an order for a new trial had been formally entered. This is true, for while the grant of a new trial has the effect of wiping the slate clean with respect to the previous trial and the case stands on the docket as if there had been no trial, *Anderson v. Clark*, 70 Ga. 362 (2); *Scott v. Powell Paving Co.*, 43 Ga. App. 705 (1) (159 SE 895), a judgment granting a new trial can have this effect only when it becomes final. A reviewable judgment, as was this one (*Code* § 6-1608, as amended by the act approved March 17, 1959, Ga. L. 1959, pp. 353, 354), does not become final, however, until the time prescribed by law for appealing it has passed, or if appealed, until such judgment is affirmed by the appellate court and the judgment of the appellate court made the judgment of the trial court. *Cohen & Menko v. Southern Exp. Co.*, 53 Ga. 128, 133

(3); *Peoples Bank of Talbotton v. Merchants &c. Bank of Columbus*, 116 Ga. 279 (2) (42 SE 490); *Twilley v. Twilley*, 195 Ga. 297, 298 (24 SE2d 46); *Powell v. Powell*, 200 Ga. 379, 382 (37 SE2d 191).

Applying the foregoing principles of law to the facts in this case, the plaintiff sought to dismiss his action at a time when the verdict of the jury adverse to him had been published and while it remained upon the minutes of the court unreversed and before the order granting a new trial and setting aside such verdict had become final. Until the time for tendering a bill of exceptions assigning error on the grant of the new trial had expired, the defendant still had a substantial right in preserving the victory which it had won in the trial court and in preserving the judgment which would be res judicata on the subject matter and thus stand as a shield against further harrassment by the plaintiff. This was a substantial right within the meaning of *Code* § 3-510, and the attempted dismissal of the action by the plaintiff, if permitted to be accomplished, would prejudice this right of the defendant. Under these circumstances, the attempted dismissal without leave of court was wholly ineffectual to accomplish the dismissal of the case so as to prevent the defendant from having a review of the judgment granting the new trial. It follows that the mandamus nisi previously issued by this court must be made absolute and the trial judge directed and ordered to certify the bill of exceptions.

While no Georgia case directly deciding this exact question has been found, what we here rule is in accord with decisions in at least two other jurisdictions where this question has been considered. See Flood v. Great Northern R. Co., 104 Minn. 517 (116 NW 107), and Harrison v. Illinois Central R. Co., 219 Miss. 401 (69 S2d 218).

*Mandamus absolute granted. Bell and Hall, JJ., concur.*