47207, 47208.   SHONSON v. BOTTOMY (two cases).

QUILLIAN, Judge. It is contended in the enumeration of errors that the trial judge erred in refusing to allow appellant's counsel to voluntarily dismiss the suit prior to the jury returning a verdict. Appellant's counsel argues that when his associate counsel attempted to file the voluntary dismissal she was prevented from doing so by the trial judge. The record shows that the associate counsel had made an oral motion to dismiss the suit. Immediately prior to the jury returning its verdict the record states: "The Court: All right. Mrs. Berger, I have noted your oral motion. Ask the jury to come in, please. Mrs. Berger: Your Honor, can I file my brief? The Court: No. We are going to bring the jury in right now."

Associate counsel for the appellant filed an affidavit which states in part: "I had the written notice of dismissal in my right hand which was outstretched as I was proceeding to hand the written notice of dismissal to the clerk and ask him to mark it filed, but when I was still some five or six feet from the clerk's desk, Judge Etheridge said, 'All right, Mrs. Berger, I have noted your oral motion. Ask the jury to come in please.' To which I responded, with my hand still outstretched holding up the written notice of dismissal, 'May I file this please' or words to that effect. The Judge answered, 'No. We are going to bring the jury in right now.'"

The record also shows that the trial judge stated: "The Court: I'm very sorry. The court simply has no tender of any written motion."

This court is bound by the contents of the transcript as certified to this court unless a change is made in the proper manner. Therefore, no written motion to dismiss having

been filed this appeal is affirmed. *Code Ann.* § 81A-141 (a) (Ga. L. 1966, pp. 609, 653).

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED JUNE 5, 1972—DECIDED JUNE 19, 1972— REHEARING DENIED JULY 17, 1972—

*Shoob, McLain & Jessee, C. James Jessee, Jr.,* for appellants.

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellee.

HALL, Presiding Judge, concurring. This case illustrates the problem that continues to exist because the General Assembly failed to follow Federal Rule 41 when it adopted the CPA. See my concurring opinion in *Maslia v. Hall,* 121 Ga. App. 740, 744 (175 SE2d 48). By the use of various procedures the plaintiff was prevented from voluntarily dismissing her suit just prior to the jury returning its verdict. The solution should not be a technical skirmish between counsel and the trial judge. If the public and the General Assembly expects to hold the judiciary responsible for the efficient administration of justice, it is axiomatic that our trial judges must be restored to their historic common law role as the master of the trial. Only when this is done will we begin to get away from the "sporting theory" of justice. See in this regard the 1971 Report of the Governor's Commission on Judicial Processes.