27527. SHONSON et al. v. BOTTOMY.

GUNTER, Justice. This is an appeal from a judgment of the trial court which dismissed the appellants' motion to perfect the record in a case in the trial court. Appellate jurisdiction in this court is predicated on the fact that the appeal is ancillary to another case now pending in this court, Number 27500, an application for the writ of certiorari to the Court of Appeals.

The original case giving rise to this appeal and to the companion application for the writ of certiorari (No. 27500) was tried by a jury in Fulton Superior Court. When the jury was ready to return to the courtroom with its verdict, an alleged attempt was made by appellants' counsel to dismiss the actions prior to the rendition of the verdicts by the jury. Appellants contend that the trial judge prohibited the filing of the

written dismissals, the jury was brought into the courtroom, and verdicts were published which were not in favor of the appellants.

It is undisputed that written dismissals were not filed with the clerk before the rendition of the verdicts. Code Ann. § 81A-141 (a). The appellants contend that the reason that the dismissals were not filed is that the same was prevented by the trial judge. On appeal to the Court of Appeals that court affirmed the judgment below on the ground that the dismissals were not in fact filed as required by the statute, and that the record before it on appeal did not disclose that the trial judge prevented such filing. See 126 Ga. App. 691 (191 SE2d 618).

After the decision of affirmance by the Court of Appeals, the appellants filed in the trial court a motion to correct the record, and they also filed a motion for rehearing in the Court of Appeals. The Court of Appeals, without awaiting the outcome of the motion to correct the record in the trial court, denied the motion for rehearing on July 17, 1972.

On July 21, 1972, the trial judge ruled on the motion to correct the record and his judgment in part was as follows: "It appearing to the court that the transcript of the record in these matters, as previously certified to the Court of Appeals of Georgia, is true and correct; it is hereby ordered that plaintiff's motion to correct the record is denied."

On August 16, 1972, the appellants filed an application for the writ of certiorari to the Court of Appeals in this court, and on August 18, 1972, the appellants filed a notice of appeal to this Court from the judgment of the trial court of July 21, 1972, which denied the motion to correct the record.

We affirm the July 21 judgment of the trial court, simply holding that the written dismissals were not filed prior to jury verdict as required by the statute.

Had the written dismissals been handed to the clerk with a request that he make a notation on them that they were filed before the rendition of the verdicts by the jury, then the statute would have been complied with. That was not done. The timing was off. The very late hour of jury verdict had arrived. To file or not to file, that was the question. Dismissal was not accomplished, and adverse jury verdicts were returned and published.

The trial judge has in effect held that he did not prevent the filing of the dismissals. Having read the first record and the second record, which was an attempt to correct the first record, we conclude that the trial judge did not prohibit or prevent the filing of the dismissals as contended by the appellants.

The trial court's judgment was correct. We will also deny the application for the writ of certiorari in Number 27500.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1972—DECIDED FEBRUARY 22, 1973.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Christopher D. Olmstead,* for appellants.

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellee.