30571. DEAL et al. v. SEABOARD COAST LINE
RAILROAD COMPANY et al.

HILL, Justice.
The trial court held Sec. 41 (a) of the Civil Practice Act of 1966 (Ga. L. 1966, pp. 609, 653; Code Ann. § 81A-141 (a)), to be unconstitutional under the facts of this case. Appellees make a strong argument here to uphold the trial court's decision.

This is a tort suit for the wrongful death of a passenger in an automobile which was struck by a train. The defendants are the railroad and the administratrix of the driver of the automobile. No counterclaim was asserted by either defendant.

At the first trial, after the evidence was closed and the jury was instructed and had deliberated several hours, the plaintiff voluntarily dismissed the complaint without prejudice pursuant to Code Ann. § 81A-141 (a), before verdict.

After costs were paid, the identical suit was refiled. The defendants moved to dismiss the refiled complaint on the ground that Code Ann. § 81A-141 (a) is unconstitutional as applied in this case. The trial court held the section unconstitutional and granted the motion to dismiss. Plaintiffs have appealed.

Code Ann. § 81A-141 (a) provides in pertinent part as follows: ". . .an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. . . [The first] dismissal under this paragraph is without prejudice. . ."

Conceding that this is a case of first impression, the

defendants contend that the quoted section violates their constitutional rights in that it deprives them of trial by jury, deprives them of equal protection in that it allows plaintiffs to dismiss without prejudice without affording defendants an equal right at a time when plaintiffs and defendants are situated similarly (to wit: the jury is deliberating), and deprives them of due process in that it is fundamentally unfair to allow a plaintiff to submit his case to a jury and then dismiss it without prejudice after the jury deliberates longer than plaintiff believes is favorable to his cause. Defendants argue that Code Ann. § 81A-141 (a) gives plaintiffs the power to grant themselves new trials.

Conceding that Code Ann. § 81A-141 (a) is basically the same as the common law rule governing dismissal without prejudice, defendants point out that at common law there was no pre-trial discovery and that, because of the possibility of surprise, plaintiffs were permitted to dismiss without prejudice if they elected to do so after hearing the defendants' witnesses and defenses. They urge that, with provisions for pre-trial discovery, the reason for the rule favoring plaintiffs no longer exists.

Defendants point out that Rule 41 (a) of the Federal Rules of Civil Procedure conditions dismissal, after defensive pleadings are filed, upon agreement of the parties or order of court approving dismissal without prejudice. Many federal decisions extolling the virtues of Rule 41 (a), FRCP, are cited.

Defendants urge that Code Ann. § 81A-141 (a) is unfair in that it allows harassment of defendants, prolongs litigation to the advantage of plaintiffs, and is time consuming and expensive for defendants, as well as courts and juries. They urge that the plaintiffs' unilateral right to dismiss without prejudice without court approval should terminate when the jury retires to deliberate, so as to economize on judicial expense and to provide finality in litigation.

Defendants urge that both plaintiffs and defendants have the right to trial by jury, that right to trial by jury includes the right to verdict by jury, and that plaintiffs may not deprive defendants of the right to verdict by unilateral dismissal at that point when the jury is de-

liberating and the parties are similarly situated, to wit: both are subject to being bound by the verdict. They urge that whatever different rules may be made applicable to plaintiffs and defendants before and during trial, those rules are based upon rational differences between plaintiffs and defendants, whereas when the jury retires to deliberate, any difference in the rights and duties of the parties ceases to exist and the parties should be treated equally.

Many of the arguments advanced are persuasive in favor of giving trial judges the power to refuse to permit unilateral dismissal without prejudice once the jury commences deliberation. Our task, however, is not to determine the appeal of one system over another but is to decide whether Code Ann. § 81A-141(a) violates either the Federal or State Constitution.

We are unable to agree that when the jury retires to deliberate plaintiffs and defendants are similarly situated for equal protection purposes. The burdens placed upon the plaintiffs by the charge of the court continue to prevail into the jury room although plaintiffs' ability to influence the outcome has been suspended.

Defendants have not been deprived of their right to trial and verdict by jury; that right has been delayed but not denied. Moreover, we do not find that defendants are treated so unfairly by Code Ann. § 81A-141(a) as to violate their rights to due process of law.

The criminal law right to speedy trial has no constitutional counterpart in civil law. See Code Ann. § 81A-141(e). The criminal law proscription against double jeopardy has as its civil law counterpart the principle of res judicata, but the latter principle applies only following an adjudication. See Code Ann. § 110-501. If we were to hold Code Ann. § 81A-141(a) to be fundamentally unfair by incorporation, through due process, of criminal law constitutional rights into the laws of civil procedure, the plaintiff in a civil suit might be required to show probable cause before a judicial officer before a request to produce could issue. See Code Ann. § 81A-134(b). Numerous other unforeseen results undoubtedly would arise.

We do not find Code Ann. § 81A-141 (a) to be constitutionally invalid. As stated in 16 CJS 1257,

Constitutional Law, § 265: "The right of a party to dismiss, without prejudice, an action already begun relates to a matter of procedure merely, and may accordingly be granted, restricted, or abolished by the legislature without impairing vested rights."

Accordingly, the judgment of the lower court must be reversed.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs specially, and Nichols, C. J., and Jordan, J., who dissent.*

ARGUED JANUARY 15, 1976 — DECIDED APRIL 7, 1976.

*Thomas J. Lewis, Jr.,* for appellants.

*Robert L. Pennington, Kirk J. Quillian, Shoob, McLain, Jessee, Merritt & Lyle, Christopher Olmstead,* for appellees.

HALL, Justice, concurring specially.

I concur for the reasons stated in my concurring opinions in *Shonson v. Bottomy,* 126 Ga. App. 691, 692 (191 SE2d 618) (1972), and *Maslia v. Hall,* 121 Ga. App. 740, 744 (175 SE2d 48) (1970). Under the Constitution of Georgia, the General Assembly has the authority to enact the rules of practice and procedure for our trial courts. Code Ann. § 2-4401.

JORDAN, Justice, dissenting.

I agree with the holding of the trial court that Code Ann. § 81A-141 (a) is unconstitutional as applied to the facts of this case. I would agree that the legislature can give the plaintiff the right to dismiss without prejudice up to the time a case is submitted to the jury. Up to that point it relates only to a matter of procedure. After that point it affects a substantive right of the defendant to trial by jury and is thus violative of the defendant's right to due process of law.

I would affirm.

I am authorized to state that Chief Justice Nichols concurs in this dissent.