## 59206. MUNDT v. OLSON.

SMITH, Judge.

This appeal arises from the grant of a motion for summary judgment. The trial court granted the motion because appellant's pro se responses to certain requests for admission were unsworn. We reverse.

Recognizing that the Civil Practice Act does not require responses to requests for admission to be made under oath (see *Cable Masters, Inc. v. Shaw,* 151 Ga. App. 153 (259 SE2d 157) (1979)), appellee asserts that the summary judgment is nonetheless proper since appellant failed to file a copy of his responses with the trial court as required by CPA § 5(d) (Code Ann. § 81A-105 (d)).

Timely service of the responses on appellee is not disputed.[1] Furthermore, in support of his motion for summary judgment, appellee himself filed a copy of the responses with the court.

The rules set forth in the Civil Practice Act " 'are intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation.' " Strasser v. Fascination Candy Co., 7 FRD 267, 269 (N.D. Ill. 1945). Under the circumstances of this case, appellant's failure to file responses to the requests for admission should not result in a judgment on the merits in favor of appellee. Such a result would not, in our view, be consistent with principles of substantial justice. CPA § 61 (Code Ann. § 81A-161).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED JULY 2, 1980.

*J. Dunham McAllister,* for appellant.
*Donald A. Rolader,* for appellee.

---

[1]CPA § 36(a) (Code Ann. § 81A-136 (a)) provides: "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed *serves* upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him." (Emphasis supplied.)