### 68117. VANDERBREGGEN et al. v. HODGE.

BANKE, Presiding Judge.

The plaintiff's attorney, apparently discouraged about the prospects of his client's personal injury action as the result of a question asked by a member of the jury during its deliberations, prepared a hand-written, voluntary dismissal, which he presented to the court for filing after he had received notice that the jury was prepared to announce its verdict. The court initially declined to accept the document for filing, and shortly thereafter the jury returned to the courtroom and announced a verdict for the defendants. The court then informed counsel that he would allow them to present case law on the voluntary dismissal issue and would withhold his decision on whether to enter judgment on the verdict. This occurred on September 28, 1983. On October 24, 1983, the court accepted the voluntary dismissal and marked it "Filed in Open Court the 28th day of September 1983." The document was stamped as having been filed with the clerk of court on October 24, 1983. No judgment was entered on the verdict. The defendants appeal the voluntary dismissal, contending that it should not have been accepted because the jury's verdict had been virtually revealed by the juror's question. The plaintiff has moved to dismiss the appeal on the ground that it was not filed within 30 days of September 28, 1983. *Held:*

1. The motion to dismiss is denied. As the dismissal obviously could not have been appealed prior to October 24, 1983, when the trial court announced its decision to accept it for filing, the time for filing an appeal did not begin running until that date.

2. Pursuant to OCGA § 9-11-41 (a), "an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict." It has been held that this right terminates when an actual verdict is reached and knowledge of that verdict has been acquired, regardless of whether the verdict has been formally published. See *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416) (1904); *Groves v. Groves,* 250 Ga. 459 (298 SE2d 506) (1983). Pretermitting whether the verdict was known to the plaintiff when he attempted to dismiss, it is clear that the dismissal was not actually accepted by the court for

filing until after the verdict was formally announced in court on September 28, 1983. Pursuant to OCGA § 9-11-5 (former Code Ann. § 81A-105), a judge is authorized to permit papers to be filed with him but is not required to do so. *Smith v. Forrester*, 145 Ga. App. 281, 283 (243 SE2d 575) (1978). The trial court was accordingly authorized to decline to accept the dismissal for filing prior to the entry of the verdict on September 28, 1983, and it is clear from the record that he did so. We are aware of no authority which would authorize the trial court to alter such a decision after the publication of the verdict and to backdate it to reflect an earlier filing. It follows that the dismissal was not timely filed.

The appellee argues that the court was required to accept the dismissal document at the time it was originally offered because the clerk of court had been excused from the courtroom although OCGA § 15-6-61 (2) requires the clerk to be present during all court sessions. However, the record before us is silent concerning the presence or absence of the clerk, and consequently we need not address this argument. See generally *Palmer v. Stevens*, 115 Ga. App. 398 (8) (154 SE2d 803) (1967). Assuming arguendo the clerk's absence, we also note that there is no indication in the record that the appellee sought and was denied the opportunity for a recess in order to file his dismissal in the clerk's office.

The judgment of the trial court is reversed with direction that judgment be entered on the jury's verdict.

*Judgment reversed. McMurray, C. J., Quillian, P. J., Birdsong, Sognier, and Pope, JJ., concur. Deen, P. J., Carley and Benham, JJ., dissent.*

DECIDED JULY 16, 1984 —
REHEARING DENIED JULY 31, 1984 —

*Rex D. Smith, Jane Reed*, for appellants.
*Larry Cohran*, for appellee.

BENHAM, Judge, dissenting.

I respectfully dissent from Division 2 of the majority opinion, which reverses the trial court's decision granting the voluntary dismissal of plaintiff's complaint.

The record clearly shows that appellee tendered his written motion to the court before the jury returned its verdict and before the parties knew what the verdict would be. At that point, appellee was entitled to have his motion filed and the case dismissed; had he handed the motion directly to the clerk of court, there is no doubt that the case would have been over.

"A voluntary dismissal under Code Ann. § 81A-141 (a) [OCGA § 9-11-41 (a)] is a matter of right and terminates the action." *Page v. Holiday Inns*, 245 Ga. 12 (262 SE2d 783) (1980). It is also clear that while the trial judge may permit papers to be filed with him, he is not required to do so. OCGA § 9-11-5 (e); see *Smith v. Forrester*, 145 Ga. App. 281 (243 SE2d 575) (1978). It is equally clear that a plaintiff has a right to file a voluntary dismissal in writing before knowledge or publication of a jury's verdict, without court order. OCGA § 9-11-41 (a); *Seaboard Air Line R. Co. v. Whitman*, 107 Ga. App. 375 (130 SE2d 272) (1963). The question succinctly put becomes: How can one reconcile a plaintiff's right to file for dismissal with the judge's right to exercise discretion in accepting the motion for filing? In the case sub judice, the answer must be that the plaintiff's right is superior to the judge's exercise of discretion. A fortiori, the trial judge exercised his discretion in a manner consistent with plaintiff's right, and in the absence of a showing of an abuse of discretion, the decision of the trial court should be affirmed.

In light of the exigencies of the situation, it was reasonable for appellee to tender the dismissal to the court for filing and to expect that it would be accepted. However, not only did the judge decline to accept the motion for filing, he did not return it to appellee, thus completely preventing him from effecting a filing with the clerk. "By the use of various procedures the plaintiff was prevented from voluntarily dismissing [his] suit just prior to the jury returning its verdict. The solution should not be a technical skirmish between counsel and the trial judge." *Shonson v. Bottomy*, 126 Ga. App. 691, 692 (191 SE2d 618) (1972), concurring opinion; affd. 230 Ga. 188 (196 SE2d 135) (1973). The instant case is distinguished from *Shonson* in that in the *Shonson* case, plaintiff did not tender a written dismissal, but merely made an oral motion to dismiss before the jury returned the verdict.

Under the circumstances of this case, to disallow the filing would not be consistent with principles of substantial justice. *Mundt v. Olson*, 155 Ga. App. 145 (270 SE2d 344) (1980). I would affirm the decision of the trial court in allowing the dismissal.

I am authorized to state that Presiding Judge Deen and Judge Carley join me in this dissent.